IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| **RICK PANSIERA**, on behalf of himself and all others similarly situated, | : | Case No. 19-1042 |
| c/o Santen & Hughes, LPA | : | |
| 600 Vine Street, Suite 2700 | : | Judge _____ |
| Cincinnati, Ohio 45202 | : | |
| | : | **CLASS ACTION COMPLAINT** |
| Plaintiffs, | : | **WITH JURY DEMAND** |
| | : | **ENDORSED HEREON** |
| vs. | : | |
| | : | |
| **THE HOME CITY ICE COMPANY** | : | |
| 6045 Bridgetown Road | : | |
| Cincinnati, Ohio 45248 | : | |
| Defendant. | : | |

## NATURE OF THE ACTION

1. This class action is brought for the benefit of all consumers who have been defrauded when purchasing Home City Ice's "7 lb" bag of ice. Home City Ice prominently represents on its "7 lb" bag of ice (the "Ice Bag") that the Ice Bag, in fact, weighs seven pounds. But these supposedly "7 lb" bags of ice repeatedly and substantially weigh under seven pounds. By underfilling its bags of ice, Home City Ice deceives its customers and shortchanges them so that it can add to its own bottom line.

## PARTIES

2. Plaintiff Rick Pansiera is a natural person and citizen of Ohio who resides in Hamilton County, Ohio and transacts business in Ohio and Indiana. Prior to the filing of this complaint, Plaintiff Rick Pansiera visited stores multiple times per week to purchase an Ice Bag for his personal use. Plaintiff purchased Ice Bags in both Ohio and Indiana. Plaintiff saw the representation on the Ice Bag that its "NET WT. [was] 7 Lbs" prior to and at the time of purchase,

1

and understood this to be a representation and warranty that his Ice Bag would, in fact, contain seven pounds of ice. Plaintiff Rick Pansiera relied on this representation and warranty in deciding to purchase the Ice Bags, and this representation and warranty was a part of the basis of the bargain.

3. Defendant Home City Ice Company ("Home City Ice") is an Ohio corporation with its principal place of business in Hamilton County, Ohio. Home City Ice may be served with process at the address listed in the caption of this Complaint.

4. Defendant Home City Ice sells ice in Ohio, Indiana, Illinois, Kentucky, Tennessee, Maryland, New York, Michigan, Pennsylvania, Alabama, Missouri, Georgia, and Wisconsin. Defendant manufactures approximately 5,700 tons of ice per day in thirty-six manufacturing plants and fifty distribution centers.

5. Whenever reference is made in this Complaint to any representation, act, omission, or transaction of Home City Ice, that allegation shall mean that Home City Ice did the act, omission, or transaction through its officers, directors, employees, agents, and/or representatives while they were acting within the actual or ostensible scope of their authority.

## **JURISIDICTION AND VENUE**

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs and most members of the proposed class are citizens of states different from Defendant. This Court also has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

7. Venue lies in this judicial district pursuant to 28 U.S.C. § 1391 because Home City Ice resides in this judicial district and a substantial part of the events or omissions giving rise to Plaintiff's and the Class's claims occurred in this judicial district. In addition, Home City Ice

transacts business in this judicial district, and therefore, is subject to personal jurisdiction in this judicial district and resides here for venue purposes.

## FACTS COMMON TO ALL COUNTS

8. Home City Ice distributes bags of ice to retailers across the country, including to retailers in Ohio, Indiana, Illinois, Kentucky, Tennessee, Maryland, New York, Michigan, Pennsylvania, Alabama, Missouri, Georgia, and Wisconsin.

9. The bags of ice are distributed from Home City Ice distribution centers to retailers such as grocery stores, gas stations, and supercenters.

10. The bags of ice are placed in a large freezer at the retailer, with "Home City Ice" prominently emblazoned on the exterior of the freezer.

11. Within the freezer, bags of ice are separated by weight. For example, the 7 lb bags are stacked on the left side of the freezer and the 22 lb bags on the right.

12. By filling an Ice Bag with less than the advertised seven pounds of ice, the Defendant charges for seven pounds of ice, without actually providing seven pounds of ice. This short-selling occurs despite Defendant's explicit representation of "NET WT. 7 Lbs" on the Ice Bag.

13. Home City Ice represented that its revenue in 2018 was $183 million and in 2017 was $172 million.

14. Despite the fact that Defendant advertises and charges for seven pounds of ice, the bags of ice do not actually weigh seven pounds. They weigh substantially less.

15. On multiple occasions the Plaintiff paid for more ice than he actually received, thereby increasing the Defendant's revenue and profit on the transaction for nothing in return.

16. As shown below, at the check-out of a store, Defendant's Ice Bags do not weigh seven pounds:



17. Plaintiff was nonetheless charged a purchase price for a seven pound Ice Bag when he did not receive seven pounds of ice.

18. Home City Ice's conduct, whether committed intentionally or by negligence, deprived consumers, such as Plaintiff and all members of the proposed Class, of the opportunity to negotiate or pay a lower price to reflect the deflated weight of the Ice Bags.

19. Consumers, like Plaintiff and the Class, have a reasonable expectation that:

   a. A bag of ice with "NET WT. 7 Lbs." printed on it, in fact weighs seven pounds; and

4

b. A bag of ice weighing less than seven pounds will cost less than a bag of ice that weighs seven pounds or more.

## HOME CITY ICE'S CONDUCT

20. Home City Ice knew (or but for its negligence or reckless indifference would have known) that its Ice Bags were not the advertised seven pounds.

21. Home City Ice also knew (or but for its negligence or reckless indifference would have known) that consumers were paying for a seven pound Ice Bag, without actually receiving a seven pound Ice Bag.

22. Despite such knowledge, Home City Ice did not disclose to the market (including Plaintiff and the Class) that the advertised weight of its Ice Bags was inflated beyond reality.

23. Despite such knowledge, Home City Ice did not adjust the price of its Ice Bags to reflect an accurate weight.

24. At all relevant times, Home City Ice had knowledge that the Ice Bags were defective but took no action to (a) inform purchasers such as Plaintiff and Class that Ice Bags' weight was deficient or (b) recall or remedy the deficient Ice Bags.

25. At all relevant times, Home City Ice knew its Ice Bags were defective, mismarked, and over-priced, but chose to conceal, suppress, or omit these material facts while distributing, marketing, and selling the Ice Bags to unsuspecting consumers in Indiana, Ohio, and throughout the United States.

## CLASS ALLEGATIONS

26. Plaintiff seeks to represent a class defined as all persons in the United States who purchased a "7 lb" Ice Bag from the Defendant (the "Class") during the applicable limitations period. Excluded from the Class are persons who made such purchase for purpose of resale; the

5

Defendant, its officers, directors, employees, legal representatives, successors, assigns; any person or entity who has or who at any time during the Class Period had a controlling interest in any Defendant; the Judge(s) to whom this case is assigned and any member of the Judge's immediate family; and all persons who may submit timely and otherwise proper requests for exclusion from the Class.

27. Plaintiff also seeks to represent a subclass of all Class members who purchased an Ice Bag in Indiana (the "Indiana Subclass") during the applicable limitations period.

28. Plaintiff also seeks to represent a subclass of all Class members who purchased an Ice Bag in Ohio (the "Ohio Subclass") during the applicable limitations period.

29. Members of the Class and Subclasses are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class and Subclasses number in the thousands. The precise number of Class members and their identities are unknown to Plaintiffs at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

30. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to: the weight of the Ice Bags; Defendant's express and implied warranties on the Ice Bag weight; Defendant's breach of these warranties; Defendant's statutory and common law fraud by so breaching.

31. The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff purchased Ice Bags in reliance on the representations and warranties described above and suffered a loss as a result of that purchase.

32. Plaintiff is an adequate representative of the Class and Subclasses because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

33. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class and Subclass members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
**(Breach of Express Warranty)**

34. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

35. Plaintiff brings this claim individually and on behalf of the proposed Class against Defendant.

36. Defendant, as the manufacturer, marketer, distributor, and/or seller, expressly warranted that the seven pound bags of ice had a "NET WT. 7 Lbs".

7

37. In fact, the Ice Bags are not fit for such purposes because each of these express warranties is false. The Ice Bags are underfilled. A supposedly 7lb bag of Home City Ice does not, in fact, weigh seven pounds.

38. As a direct and proximate cause of Defendant's breach of express warranty, Plaintiff and Class members have been injured and harmed because: (a) they would not have purchased Ice Bags on the same terms if the true facts were known concerning the Ice Bag's weight; (b) they paid a price premium for Ice Bags due to Defendant's promises that its Ice Bags were a "NET WT 7 Lbs"; and (c) the Ice Bags did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

## COUNT II
### (Breach of Implied Warranty of Merchantability)

39. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

40. Plaintiff brings this claim individually and on behalf of the proposed Class against Defendant.

41. Defendant, as the manufacturer, marketer, distributor, and/or seller, expressly warranted that the seven pound bags of ice had a "NET WT. 7 Lbs".

42. Defendant breached the warranty implied in the contract for the sale of Ice Bags because they could not pass without objection in the trade under the contract description, the goods were not of fair average quality within the description, and the goods were unfit for their intended and ordinary purpose because the Ice Bags are underfilled, in that a "7lb" Ice Bag of ice does not contain seven pounds of ice. As a result, Plaintiff and Class members did not receive the goods as impliedly warranted by Defendant to be merchantable.

43. Plaintiff and Class members purchased Ice Bags in reliance upon Defendant's skill and judgment and the implied warranties of fitness for the purpose.

44. Ice Bags were not altered by Plaintiff or Class members.

45. Ice Bags were defective when they left the exclusive control of Defendant.

46. Defendant knew that Ice Bags would be purchased and used without additional testing by Plaintiff and Class members.

47. Ice Bags were defectively designed and unfit for their intended purpose, and Plaintiff and Class members did not receive the goods as warranted.

48. As a direct and proximate cause of Defendant's breach of the implied warranty, Plaintiffs and Class members have been injured and harmed because: (a) they would not have purchased Ice Bags on the same terms if the true facts were known concerning the Ice Bags' weight; (b) they paid a price premium for Ice Bags due to Defendant's promises that its Ice Bags weighed seven pounds; and (c) Ice Bags did not have the characteristics or quantities promised.

## COUNT III
**(Unjust Enrichment)**

49. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

50. Plaintiff brings this claim individually and on behalf of the proposed Class against Defendant.

51. Plaintiff and Class members conferred benefits on Defendant by purchasing the Ice Bags.

52. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' purchases of the Ice Bags. Retention of those moneys under these

circumstances is unjust and inequitable because Defendant misrepresented that an Ice Bag contained seven pounds of ice.

53. Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiff and Class members for its unjust enrichment, as ordered by the Court.

## COUNT IV
### (Violation of Ohio's Deceptive Trade Practices Law)

54. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

55. Plaintiff brings this claim individually and on behalf of the proposed Ohio Subclass against Defendant.

56. The Ohio Deceptive Trade Practices Act Ohio Rev. Code § 4165.01 *et seq.* (ODTPA) prohibits deceptive trade practices, including, among other things:

> Represent[ing] that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

57. Home City Ice either knew (or should have known) that the Ice Bags were defectively processed, packaged, and labeled at the time the Ice Bags were placed for sale, such that the Ice Bags were not as advertised or described.

58. Home City Ice knew, at the time the Ice Bags left Home City Ice's control, the Ice Bags were defective as described herein.

59. Home City Ice's deception is material because it influenced purchasing and payment decisions of the Plaintiff and Ohio Subclass.

60. Home City Ice violated Ohio Rev. Code § 4165.01 *et seq.* as described herein.

61. As a direct and proximate result of Home City Ice's unfair and deceptive acts and practices, Plaintiff and the Ohio Subclass will suffer damages including, without limitation, costs to supplement and increase their ice stores, in an amount to be determined at trial. Plaintiff and the Ohio Subclass paid a premium for bags of ice that did not weigh the amount advertised on the bag.

62. As a result of the deceptive trade practices described above, Plaintiff and the Ohio Subclass have suffered ascertainable losses in the form of actual damages that include the purchase price of the Ice Bags for which Home City Ice is liable to the Plaintiff and the Ohio Subclass for their ascertainable losses, plus attorneys' fees and costs, along with equitable relief prayed for herein.

## COUNT V
### (Violation of Indiana's Deceptive Consumer Sales Act)

63. Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

64. Plaintiff brings this claim individually and on behalf of the proposed Indiana Subclass against Defendant.

65. The Indiana Deceptive Consumer Sales Act Ind. Rev. Code § 24-5-0.5 *et seq* ("IDCSA"), prohibits unfair and deceptive acts or practices, including among other things, representing:

> That such subject of a consumer transaction is of a particular standard, quality, grade, style, or model, if it is not and if the supplier knows or should reasonably know that it is not.

66. Home City Ice engaged in the concealment, deception, suppression, or omission of material facts in violation of the IDCSA when, in selling and advertising the Ice Bags as seven

11

pounds, it knew that the Ice Bags were not seven pounds, and that they weighed substantially less than the weight advertised.

67. Home City Ice engaged in false, misleading, and deceptive acts when it misrepresented the nature of its Ice Bags, with the intent that others, such as Plaintiff and the Indiana Subclass, would rely upon the deception and misrepresentations of material facts and purchase the Ice Bags.

68. Plaintiff and the Indiana Subclass would not have purchased the Ice Bags, or would not have paid the premium price that was charged for the Ice Bags, had they known or become informed of the deficient weight of the Ice Bags.

69. Home City Ice's deception, misrepresentations, and omission of material facts, as alleged herein, constitute unfair, deceptive, and fraudulent business practices within the meaning of the IDCSA.

70. Home City Ice's deception, misrepresentations, and omission of material facts, as alleged herein, constitute uncured deceptive acts under the IDCSA.

71. Home City Ice has acted unfairly and deceptively by misrepresenting the nature and quality of the Ice Bags.

72. Home City Ice had proper notice of the deficiency of its product.

73. Home City Ice either knew (or should have known) that the Ice Bags were defectively processed, packaged, and labeled at the time the Ice Bags were placed for sale, such that the Ice Bags were not as advertised or described.

74. Home City Ice knew, at the time the Ice Bags left Home City Ice's control, the Ice Bags were defective as described herein. At the time of sale, the Ice Bags were defective as described.

75. As a direct and proximate cause of the violation of the IDCSA described above, Plaintiff and the Indiana Subclass have been injured in that they have purchased "seven pound" Ice Bags that are not, in fact, seven pounds, and that the weight of the Ice Bags is materially deficient. Had Plaintiff and the Indiana Subclass known the defective nature of the Ice Bags, they would not have purchased them or would have paid a lower price for them.

76. Home City Ice used unfair methods of competition and unfair or deceptive acts or practices in conducting its business. This conduct constitutes fraud within meaning of the IDCSA.

77. This unlawful conduct is continuing with no indication that the wrongful conduct of Home City Ice will cease.

78. As a direct and proximate result of Home City Ice's unfair and deceptive acts and practices, Plaintiff and the Indiana Subclass will suffer damages including, without limitation, costs to supplement and increase their ice stores, in an amount to be determined at trial. Plaintiff and the Indiana Subclass paid a premium for bags of ice that did not weigh the amount advertised on the bag.

79. As a result of the acts of consumer fraud described above, Plaintiff and the Indiana Subclass have suffered ascertainable losses in the form of actual damages that include the purchase price of the Ice Bags for which Home City Ice is liable to the Plaintiff and the Indiana Subclass for their ascertainable losses, plus attorneys' fees and costs, along with equitable relief prayed for herein.

## COUNT VI
**(Negligent Misrepresentation)**

80. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

81. Plaintiff brings this claim individually and on behalf of the proposed Class against Defendant.

82. As discussed above, Defendant misrepresented that an Ice Bag contained seven pounds of ice.

83. At the time the Defendant made these representations, Defendant, in the course of its business, supplied false information to purchasers and failed to exercise reasonable care in communicating the information.

84. Plaintiff and class members justifiably relied on the Defendant's representations and were thereby subject to pecuniary loss.

85. The negligent actions of Defendant caused damage to Plaintiff and Class members who are entitled to other legal and equitable relief as a result.

## COUNT VII
### (Promissory Estoppel)

86. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

87. The promises and misrepresentations made by Home City Ice concerning the weight of an Ice Bag induced Plaintiff and Class members to purchase a "7lb" bag of ice that was not actually seven pounds.

88. Plaintiff and Class members reasonably relied on Home City Ice's promise and misrepresentation that an Ice Bag weighed seven pounds in deciding to purchase the Ice Bags.

89. This reliance was reasonably foreseeable.

90. Plaintiff and Class members relied to their detriment on the promises and misrepresentations of Home City Ice and as a direct and proximate loss of Home City Ice's misrepresentation and fraud, Plaintiff and Class members have suffered damages.

91. As a result of Home City Ice's breach of its promises and breach of its representations, Plaintiff and Class members are entitled to compensatory damages, restitution of amounts already paid, attorneys' fees, and costs.

## COUNT VIII
### (Fraud)

92. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

93. Plaintiff brings this claim individually and on behalf of the proposed Class against Defendant.

94. As discussed above, Defendant provided Plaintiff and Class members with false or misleading material information and failed to disclose material facts about Ice Bags, including but not limited to the fact that they were not "NET WT. 7 Lbs".

95. The misrepresentations and omissions made by Defendant, upon which Plaintiffs and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs and Class members to purchase Ice Bags.

96. The fraudulent actions of Defendant caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT IX
### (Declaratory and Injunctive Relief)

97. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

98. Defendant has engaged in deceptive and misleading advertising, labeling, and sale of Ice Bags as set forth above.

99. Plaintiff and the Class seek a declaration that Defendant has engaged in deceptive and misleading advertising, labeling and sale of Ice Bags, negligent misrepresentation, and has been unjustly enriched.

100. Plaintiff and the Class also seek preliminary and permanent injunctive relief to enjoin Defendant to stop its deceptive and misleading practices concerning the advertising, labeling, and sale of Ice Bags.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant as follows:

A. For an order certifying the Class and Subclasses under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representative of the Class and Subclasses and Plaintiff's attorneys as Class Counsel to represent members of the Class and Subclasses.

B. For an order declaring the Defendant's conduct violates the statutes referenced herein;

C. For an order finding in favor of Plaintiff, the nationwide Class, and the Subclasses on all counts asserted herein;

D. For compensatory and punitive damages in amounts in excess of $5,000,000.

E. For prejudgment interest on all amounts awarded;

F. For an order of restitution and all other forms of equitable monetary relief;

G. For injunctive relief as pleaded or as the Court may deem proper;

H. For an order awarding Plaintiff, the Class, and the Subclasses their reasonable attorneys' fees and expenses and costs of suit; and

I. For all other relief this Court finds just and equitable.

        Respectfully submitted:

        */s/ Brian P. O'Connor*
        Brian P. O'Connor (0086646)
        William E. Santen, Jr. (0019324)
        SANTEN & HUGHES
        600 Vine Street, Suite 2700
        Cincinnati, Ohio 45202
        bpo@santenhughes.com
        wsj@santenhughes.com
        (513) 721-4450/(513) 852-5994 (fax)
        *Attorney for Plaintiffs*

## **JURY DEMAND**

Plaintiffs demand a trial by jury of all issues so triable.

        */s/ Brian P. O'Connor*
        Brian P. O'Connor (0086646)

662233.8