# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| Rick Pansiera,<br><br>*On behalf of himself and those similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>The Home City Ice Company,<br><br>Defendant. | Case No. 1:19-CV-01042<br><br>Judge Timothy S. Black |

## AGREED PROTECTIVE ORDER

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and for good cause shown, the Court hereby enters the following Protective Order. Plaintiff and Defendant may be hereinafter collectively referred to as "the Parties," or individually as a "Party."

This Protective Order is to preserve and maintain the confidentiality of certain personal and corporate proprietary and/or financial information, trade secrets, or commercially sensitive business information ("Confidential Information") that may be disclosed or obtained by the Parties through testimony and/or the production of certain records by and between the Parties during the course of discovery. Notwithstanding the foregoing, excluded from Confidential Information is information acquired from the public domain. The Parties agree that good cause exists for this Protective Order to preserve the legitimate privacy interests of sources of Confidential Information that have not been released to the public and which the Parties may mutually seek production of through their respective discovery requests. The Court specifically finds that good cause exists for this Protective Order.

1.      This Protective Order shall govern the disclosure and use of Confidential Information produced in connection with this litigation. All information which is or has been produced or discovered in this litigation, regardless of whether designated CONFIDENTIAL as described below, shall be used solely for the prosecution or defense of this litigation unless the information is available to the general public without a breach of the terms of this Protective Order. The measures designated by the Parties in this Protective Order are reasonable and will not prejudice anyone or unduly burden the Court.

2.      This Protective Order is necessary to preserve the legitimate proprietary and privacy interests of sources of information and establishes a procedure for disclosing Confidential Information to the Parties in this litigation, imposes obligations on persons receiving Confidential Information to protect it from unauthorized use or disclosure, and establishes a procedure for challenging confidentiality designations.

3.      By entering into this Protective Order the Parties do not intend to waive any objections raised in response to discovery, nor does this Protective Order in any way obligate any Party to produce any specific documents or records in the future which a Party deems inappropriate for production.

4.      Any documents produced subject to the terms of this Protective Order shall be considered Confidential Information and shall be given confidential treatment as described below. All documents produced subject to this Protective Order shall be designated or stamped CONFIDENTIAL.

5.      Neither Party shall be obligated to challenge a CONFIDENTIAL designation at the time it is made, and failure to do so shall not preclude or prejudice a subsequent challenge thereto. In the event a Party disagrees at any stage with a CONFIDENTIAL designation, that Party shall

provide to the disclosing Party written notice of its disagreement with the designation. The Parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, either Party may request appropriate relief from the Court by way of a further motion. Such relief may be requested on an expedited basis. The disclosing Party shall have the burden of proving that the information has been properly designated CONFIDENTIAL. In the event the Court determines that the contested information is not Confidential Information, the CONFIDENTIAL designation shall be deemed to have been removed from the subject document and information contained therein. Nothing herein shall prohibit either Party from seeking relief from the Court to remove a CONFIDENTIAL designation, nor shall it prohibit a Party from seeking to reinstate a CONFIDENTIAL designation that has been removed pursuant to this paragraph. Unless and until the CONFIDENTIAL designation is removed, or in the event such designation is reinstated, use of such Confidential Information shall be governed by the Protective Order, except to the extent otherwise ordered by the Court.

6. Documents designated as CONFIDENTIAL will include documents containing sensitive personal or financial information, corporate proprietary and/or financial information, trade secrets, or commercially sensitive business information. Additional documents may be later identified which shall also be considered Confidential Information and such records shall be given similar protections pursuant to this Protective Order as specifically designated by the Parties during the course of this litigation.

7. Confidential Information shall not be exhibited, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, other than in conjunction with this litigation.

8. Neither the receiving Party nor its representatives shall disclose documents designated as CONFIDENTIAL, other than to the following persons:

   a. All attorneys for the Parties, including in-house attorneys and outside counsel, and their assistants, associates, paralegals, clerks, stenographic personnel, and those individuals specifically acting at the direction of counsel;

   b. Representative employees of each Party or any of their designated counsel of record in this action;

   c. Independent consultants or experts consulted or retained by any Party whose assistance is necessary for the preparation of trial of this specific action; provided that such individuals (i) abide by the terms of this Protective Order; and (ii) execute and comply with a substantially similar form as Exhibit A;

   d. Witnesses for each Party provided that such witnesses expressly agree to comply with the terms of this Protective Order and provided that such witnesses shall be allowed to review the Confidential Information, but shall not be provided with copies of the Confidential Information; and

   e. The Court (including any agent of the Court) and any court reporter used during depositions.

9. This Protective Order does not authorize filing protected materials under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996). Unless the Court orders otherwise, all sealed documents shall be filed according to S.D. Ohio Civ. R. 79.3.

10. In the event that the non-designating Party plans to file with the Court any materials that have been designated as CONFIDENTIAL, the non-designating Party shall inform the designating party of its intention at least ten (10) days prior to such filing, and the designating Party may move the Court to permit the Parties to file such materials under seal. The parties agree to work together to extend filing deadlines when necessary to allow time for this notification process.

11. Nothing in this Protective Order precludes or limits a Party from viewing its own Confidential Information.

12. Nothing herein is intended to alter or modify the applicability of Federal Rule of Civil Procedure 5.2 to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

13. The use of documents designated as CONFIDENTIAL at trial or hearing shall be addressed in any pre-trial or pre-hearing order or by a stipulation submitted by the Parties to comport with the Court's pre-trial or pre-hearing filing deadlines.

14. Documents designated as CONFIDENTIAL or any other Confidential Information subject to this Protective Order shall not be made public by counsel for the receiving Party or divulged to anyone other than the persons entitled to access such information under Paragraph 8.

15. The agreement of the Parties to this Protective Order shall not be construed as an agreement or admission: (i) that any material or document designed as CONFIDENTIAL is, in fact, Confidential Information; (ii) as to the correctness or truth of any allegation made or position taken relative to any matter designated as CONFIDENTIAL; or (iii) with respect to the authenticity, competency, relevance, or materiality of any document or thing designated as CONFIDENTIAL.

16. The testimony of any witness deposed on oral examination shall be deemed as CONFIDENTIAL for a period of fourteen (14) days after receipt by counsel of the transcript of the deposition. The fact that a question posed at a deposition would elicit Confidential Information shall not be grounds for an objection. If counsel believes that the deposition transcript or a portion thereof contains Confidential Information, counsel shall, (a) either orally at the deposition, or (b) in writing within the fourteen day period, designate as CONFIDENTIAL by page and line number

to opposing counsel those portions of the transcript constituting Confidential Information. The Stipulation of Confidentiality shall not preclude counsel for the Parties from using during any deposition in this action any documents or information that has been designated as CONFIDENTIAL and the use of such materials during depositions in this action does not waive the terms of this Protective Order.

17. Nothing shall prevent disclosure beyond the terms of this Protective Order if any Party expressly consents to such disclosure, either in writing or in the record of any proceeding in this litigation, or if the Court, after notice to all affected Parties, orders such disclosure.

18. The disclosure of a document or information by one Party or non-party to a Party without designating it as CONFIDENTIAL shall not constitute a waiver of any Party's right to designate such document or information as CONFIDENTIAL. If any party required to produce documents or other information inadvertently produces or has inadvertently produced in this litigation any Confidential Information without marking it appropriately, the producing party may give written notice to the receiving party or parties, including appropriately designated and stamped copies of the material, that the document or information is deemed Designated Pursuant To This Protective Order and should be treated as such in accordance with the provisions of this Protective Order. Upon notification of the Confidential Information, the receiving party shall use its best efforts to collect all copies of the inadvertently produced document or other information from all parties not entitled to access to such document or information had it been properly designated, and the document or other information shall thereafter be treated as if it have been timely Designated Pursuant To This Protective Order. If the receiving party is subject to excessive costs or burdens in connection with undertaking to comply with the provisions of this Paragraph, then the producing party shall reimburse the receiving party for the reasonable expenses incurred

in connection therewith. In no event, however, shall the inadvertent disclosure by the producing party of documents or other information without the appropriate Confidential Designation be deemed to be a waiver in whole or in part of the producing party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or a related subject.

19. The parties acknowledge that regardless of the disclosing party's reasonable diligence, an inadvertent disclosure of information or documents which are subject to attorney-client privilege, the joint-defense privilege or common interest doctrine, or attorney-work product documents or information ("privileged information") may occur. The parties therefore agree that if an inadvertent disclosure of privileged information occurs or has occurred, the producing party shall notify the receiving parties of the inadvertent disclosure and identify the document or documents that the producing party asserts are subject to privilege, together with an explanation of the privilege(s) asserted. After the producing party asserts a privilege as to documents already produced, the receiving party shall have ten (10) days to return the specified material or information and any copies pending any ruling by the Court concerning the validity of the producing party's privilege assertion. The fact that such privileged documents are produced, inadvertently or otherwise, shall not be construed as a waiver of any applicable attorney-client privilege and/or work product doctrine. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged information before production. This Protective Order does not authorize or require disclosure of documents or information protected by or subject to claims of privilege or protection. The

production of documents, electronically stored information ("ESI") or information containing privilege information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

20. The provisions of the Protective Order shall survive the conclusion of this litigation. This Court retains jurisdiction to adjudicate any disputes arising between the Parties or otherwise concerning the terms of this Protective Order.

21. This Protective Order shall not prohibit disclosure of Confidential Information to the Court or Court personnel (including any Court for purposes of appellate review) at any time.

22. At the conclusion of this litigation, outside counsel may retain copies of the pleadings, and may retain documents, things, copies, and samples to the extent they include or reflect the receiving party's attorneys' work product and may retain one file copy of all materials produced in this litigation. The obligation on outside counsel to maintain the confidentiality of materials designated as CONFIDENTIAL under this Order shall be deemed continuing. All other copies of CONFIDENTIAL documents produced by any party shall be returned by counsel of record to the producing party that provided the documents, with a certification that all such material has been returned or, alternatively, counsel of record may submit a certification that all such material has been destroyed.

**IT IS SO ORDERED.**

                                            *s/Timothy S. Black*
                                            **Judge Timothy S. Black**

**AGREED TO:**

| | |
|---|---|
| */s/ Brian P. O'Connor* | */s/ Michael A. Roberts* |
| Brian P. O'Connor (0086646) | Michael A Roberts (0047129) |
| Santen & Hughes | Graydon Head & Ritchey, LLP |
| 600 Vine Street, Suite 2700 | 312 Walnut Street, Suite 1800 |
| Cincinnati, Ohio 45202 | Cincinnati, Ohio 45202 |
| (513) 721-4450/(513) 852-5994-fax | (513) 629-2799/(513) 333-4330 |
| bpo@santenhughes.com | mroberts@graydon.law |
| *Attorney for Plaintiff* | *Attorney for Defendant* |

# EXHIBIT A
## UNDERTAKING AGREEMENT

    I, _____, hereby acknowledge that I have been provided with a copy of and read the Protective Order Governing Confidentiality of Documents (the "Order") entered in Case No. 1:19-CV-01042 in the United States District Court of the Southern District of Ohio, Western Division, and that I understand the terms, conditions, and restrictions it imposes on any person given access to "CONFIDENTIAL" materials. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms.

    I will not disclose "CONFIDENTIAL" materials to anyone other than persons specifically authorized by the Order and agree to return all such materials that come into my possession to counsel from whom I received such materials. I consent to be subject to the personal jurisdiction of the United States District Court of the Southern District of Ohio, Western Division, with respect to any proceedings relative to the enforcement of the Order.

Dated this \_\_day of _____, 2020.

_____
Printed Name

_____
Signature

_____
Home Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Job Title/Description

666748_1