# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **RICK PANSIERA,**<br><br>*On behalf of himself and those similarly situated,*<br><br>**Plaintiff,**<br><br>v.<br><br>**THE HOME CITY ICE COMPANY,**<br><br>**Defendant.** | **Case No. 1:19-CV-01042**<br>**Judge Timothy S. Black** |

## MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Defendant, Home City Ice Company, hereby moves for the dismissal of Counts Four and Five of Plaintiff's Complaint. A memorandum in support is attached.

Respectfully submitted,

*/s/ Michael A. Roberts*
Michael A Roberts (0047129)
Graydon Head & Ritchey, LLP
312 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Phone: (513) 629-2799
Fax: (513) 333-4330
Email: mroberts@graydon.law

## MEMORANDUM IN SUPPORT

In Count Four, Plaintiff alleges that Home City violated the Ohio Deceptive Trade Practices Act ("DTPA"), R.C. § 4165.01 et seq. In Count Five, Plaintiff alleges that Home City violated the Indiana Deceptive Consumer Sales Act ("DCSA"), Ind. Rev. Code § 24-5-0.5 et seq.

However, Plaintiff lacks standing to bring a DTPA claim, and Plaintiff fails to state a claim for a DCSA violation. For these reasons, Counts Four and Five should be dismissed.

### A. THE DTPA CLAIM – COUNT 4.

Plaintiff has no claim under Ohio's Deceptive Trade Practices Act. The DTPA affords no cause of action to consumers. See, *Borden v. Antonelli College*, 304 F.Supp.3d 678, 684-687 (March 30, 2018); *Phillips v. Philip Morris Companies, Inc*., 290 F.R.D. 476, No. 5:10-cv-1741 (March 21, 2013).

### B. THE DCSA CLAIM – COUNT 5.

The DCSA provides for "uncured" and "incurable" deceptive acts. I.C. 24-5-0.5-2(a)(7)-(8). Plaintiff alleges "uncured" acts only. (*See,* Doc. 1 at 70). But the Complaint fails to give Plaintiff standing to bring an "uncured" act claim. An "uncured" deceptive act requires allegations that requisite and timely notice was given. I.C. 24-5-0.5-5(a). Further, Plaintiff must allege that, after such notice, there has either been no "offer to cure" by the supplier within 30 days or the deceptive act has not been cured "within a reasonable time after the consumer's acceptance of the offer to cure." I.C. 24-5-0.5-2(7).

The consumer must comply with the time limitations set forth by the statute and the "notice shall state fully the nature of the alleged deceptive act and the actual damage suffered therefrom … ." I.C. 24-5-0.5-5(a). In sum, to be an actionable uncured deceptive act, a consumer must give proper and timely notice and the supplier must refuse or fail to offer to cure and actually cure the deceptive act. I.C. 24-5-0.5-2(5)-(8); I.C. 24-5-0.5-5(a).

These allegations are missing from the Complaint. Accordingly, Plaintiff lacks standing to bring a claim and/or has failed to state a claim upon which relief may be granted.

## **CONCLUSION**

For all these reasons, this Court should dismiss Counts Four and five of Plaintiff's Complaint.

Respectfully submitted,

*/s/ Michael A. Roberts*
Michael A Roberts (0047129)
Graydon Head & Ritchey, LLP
312 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Phone: (513) 629-2799
Fax: (513) 333-4330
Email: mroberts@graydon.law
*Attorney for Defendant*