**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

|  |  |  |
|---|---|---|
| RICK PANSIERA, on behalf of himself and those similarly situated, | : : : | Case No. 1:19-cv-1042 |
|  | : | Judge Timothy S. Black |
| Plaintiff, | : |  |
|  | : |  |
| vs. | : |  |
|  | : |  |
| THE HOME CITY ICE COMPANY, | : |  |
|  | : |  |
| Defendant. | : |  |

**ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANT THE HOME CITY ICE COMPANY'S**
**PARTIAL MOTION TO DISMISS (Doc. 7)**

This civil action is before the Court upon Defendant The Home City Ice Company ("Home City Ice" or "Defendant")'s Partial Motion to Dismiss Counts IV and V of Plaintiff's Complaint (Doc. 1), and the parties' responsive memoranda (Docs. 8 and 9).

## I. FACTS <u>AS ALLEGED</u> BY THE PLAINTIFF

For purposes of this motion to dismiss, the Court must: (1) view the complaint in the light most favorable to Plaintiffs; and (2) take all well-pleaded factual allegations as true. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009).

This civil action arises out of allegedly deceptive bags of ice sold by Defendant Home City Ice, an Ohio corporation. (Doc. 1 at ¶¶ 1, 3). Home City Ice distributes bags of ice to retailers in Ohio, Indiana, Illinois, Kentucky, Tennessee, Maryland, New York, Michigan, Pennsylvania, Alabama, Missouri, Georgia, and Wisconsin. (*Id.* at ¶ 4).

Plaintiff Rick Pansiera, an Ohio resident, purchased Defendant's "7 lb" bag of ice (the "Ice Bag") multiple times in Ohio and Indiana for his own personal use.  (*Id.* at ¶ 2). Every Ice Bag that Plaintiff purchased was labeled "NET WT. 7 lbs."  Plaintiff states that he relied on this representation and warranty that his Ice Bag would contain seven pounds of ice.  (*Id.*).  However, Plaintiff alleges that the Ice Bags actually weigh substantially less than seven pounds.  (*Id.* at ¶ 14).  Plaintiff states that in purchasing the mislabeled Ice Bags, he paid for more ice than he actually received on multiple occasions, increasing Defendant's revenue and profit on each transaction for nothing in return.  (*Id.* at ¶ 15).

Plaintiff contends that Defendant's conduct deprived him and similarly situated customers of the opportunity to pay a lower price to reflect the deflated weight of the Ice Bags.  (*Id.* at ¶ 18).  Plaintiff states that Home City Ice knew that consumers were paying for seven-pound Ice Bags without receiving seven-pound Ice Bags.  (*Id.* at ¶ 21). Allegedly, at all relevant times Home City Ice knew its Ice Bags were "defective, mismarked, and over-priced, but chose to conceal, suppress, or omit these material facts while distributing, marketing, and selling the Ice Bags to unsuspecting consumers in Indiana, Ohio, and throughout the United States.  (*Id.* at ¶ 25).

Plaintiff seeks to represent a class defined as, "all persons in the United States who purchased a "7 lb" Ice Bag from the Defendant (the "Class") during the applicable limitations period.  Excluded from the Class are persons who made such purchase for purpose of resale . . .."  (*Id.* at ¶ 26).  Plaintiff also seeks to represent subclasses of Class members who purchased an Ice Bag in Indiana or Ohio.  (*Id.* at ¶¶ 27-28).  Plaintiff

brings claims for breach of warranty (Count I), breach of implied warranty of merchantability (Count II), unjust enrichment (Count III), violation of the Ohio Deceptive Trade Practices Act ("ODTPA") (Count IV), violation of the Indiana Deceptive Consumer Sales Act ("IDCSA") (Count V), negligent misrepresentation (Count VI), promissory estoppel (Count VII), fraud (Count VIII), and declaratory and injunctive relief (Count IX).  (*Id.* at ¶¶ 34-100).

The motion before the Court solely seeks to dismiss Counts IV and V, brought under the ODTPA and the IDCSA, of Plaintiff's Complaint.

## II.    PARTIAL MOTION TO DISMISS

### A.  Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted."  To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id*. (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a

legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed. *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

## B. ANALYSIS

### 1. Count IV: Ohio Deceptive Trade Practices Act

In Count IV, Plaintiff claims that Home City Ice's sale of underfilled Ice Bags violates the ODTPA, Ohio Rev. Code § 4165.01 *et seq.* (Doc. 1 at ¶¶ 54-62).

Defendant's argument that Plaintiff's claim under the ODTPA should be dismissed is simple: "Plaintiff has no claim under Ohio's Deceptive Trade Practices Act. The DTPA affords no cause of action to consumers." (Doc. 7 at 2). Defendant is right.

This Court already discussed this issue at length in *Borden v. Antonelli Coll.*, 304 F. Supp. 3d 678 (S.D. Ohio 2018).  In that case, the Court analyzed the issue in depth and found that (1) the majority of courts to address the issue have held that an individual consumer does not have standing to sue under the ODTPA, (2) the Sixth Circuit has approved the analysis that an individual does not have standing under the ODTPA, *see Holbrook v. Louisiana–Pacific Corp.*, 533 Fed. App'x 493, 497–98 (6th Cir. 2013) (3) two Ohio state appellate courts have expressly held that the ODTPA, like the Lanham Act, does not apply to consumers, and (4) courts have explained that conferring standing on consumers under the ODTPA would render the Ohio Consumer Sales Practices Act ("OCSPA") superfluous.  *See Borden*, 304 F. Supp. at 684–87.

In Plaintiff's response, he points to two cases finding that the ODTPA applies to individual consumers.  *See Bower v. Int'l Bus. Machines, Inc.*, 495 F. Supp. 2d 837, 843 (S.D. Ohio 2004); *Schumacher v. State Auto. Mut. Ins. Co.,* 47 F. Supp. 3d 618, 632 (S.D. Ohio 2014). Yet the Court specifically declined to follow *Bower* and *Schumacher* in its *Borden* decision and Plaintiff does not explain why this case is distinguishable.  *See Borden*, 304 F. Supp. at 687.  The Court is unpersuaded.

Plaintiff also contends that its ODTPA claim should not be dismissed because discovery might demonstrate that "Defendant has perpetrated its deceptive and fraudulent conduct on all purchasers of its ice bags and just not consumers who are individual persons."  (Doc. 8 at 2).  That argument fails for two reasons.  First, the Complaint is specifically brought on behalf of "consumers."  (Doc. 1 at ¶ 1).  Thus, any additional

purchasers that discovery could reveal would need to be consumers, but as discussed, consumers do not have standing under the ODTPA.  Second, while "persons engaged in commerce" have standing under the ODTPA, *see Robins v. Global Fitness Holdings, LLC*, 838 F.Supp.2d 631, 650 (N.D. Ohio 2012) (explaining consumers lack standing under the ODTPA because it is analogous to the Lanham Act, which only protects "persons engaged in commerce, not individual consumers, against unfair competition") (quotation omitted), Plaintiff's proposed class explicitly excludes persons who purchased an Ice Bag "for purpose of resale."  (*Id.* at ¶ 26).  Thus, Plaintiff's complaint specifically excludes persons engaged in commerce who may have been damaged by purchase of the Ice Bags.  Therefore, the Court finds that the Complaint only brings claims against Defendants on behalf of consumers.

The Court stands by its holding in *Borden*.  304 F. Supp. at 687.  Mr. Pansiera and similarly situated consumers do not have standing to pursue an ODTPA claim.  Accordingly, Defendant's motion to dismiss Count IV of Plaintiff's Complaint is GRANTED.

### 2. Count V: Indiana Deceptive Consumer Sales Act

In Count IV, Plaintiff claims that Home City Ice's sale of underfilled Ice Bags allegedly purchased by Plaintiff violates the IDCSA, Ind. Rev. Code § 24-5-0.5 et seq. (Doc. 1 at ¶¶ 63-79).  The IDCSA "provides for two kinds of actionable deceptive acts: 'uncured' deceptive acts and 'incurable' deceptive acts."  *McKinney v. State*, 693 N.E.2d 65, 68 (Ind. 1998).  The IDCSA states:

> No action may be brought under this chapter ... unless (1) the deceptive act is incurable or (2) the consumer bringing the action shall have given notice in writing to the supplier within the sooner of (i) six (6) months after the initial discovery of the deceptive act, (ii) one (1) year following such consumer transaction, or (iii) any time limitation, not less than thirty (30) days, of any period of warranty applicable to the transaction, which notice shall state fully the nature of the alleged deceptive act and the actual damage suffered therefrom, and unless such deceptive act shall have become an uncured deceptive act.

I.C. § 24–5–0.5–5(a)

Therefore, in order to adequately state a claim under the IDCSA "there must either be compliance with the notice requirements coupled with proof that the act is 'uncured' or proof that the act is 'incurable.'" *A.B.C. Home & Real Estate Inspection, Inc. v. Plummer* 500 N.E.2d 1257, 1262 (Ind. Ct. App. 1986). An "uncured" deceptive act is a deceptive act to which a consumer has given notice to the supplier (pursuant to I. C. § 24-5-0.5-5(a)) and either the supplier does not make an offer to cure within thirty days or the deceptive act has not been cured within a reasonable time after the acceptance of the offer to cure. I.C. § 24–5–0.5–2(6). A deceptive act is "incurable" if it is "done by a supplier as part of a scheme, artifice, or device with intent to defraud or mislead." I.C. § 24–5–0.5–2(7). Furthermore, the IDCSA is to "be liberally construed and applied to promote its purposes and policies." I.C. § 24–5–0.5–1.

Defendant argues that Plaintiff fails to properly state a claim for an "uncured" or "incurable" deceptive act. The Court will examine in turn whether Plaintiff has adequately plead either an uncured or incurable deceptive act.

7

### a. Uncured Deceptive Act

In order to plead an uncured deceptive act, the Plaintiff was required to give notice to Defendant that states "fully the nature of the alleged deceptive act and the actual damage suffered therefrom." I.C. § 24-5-0.5-5(a)(2). Here, Plaintiff merely notes in the Complaint that "Home City Ice had proper notice of the deficiency of its product." (Doc. 1 at ¶ 72). However, the Complaint contains no allegation that Pansiera himself actually gave Home City Ice notice of any underweight bag he purchased in Indiana before bringing this lawsuit. Moreover, Plaintiff fails to allege that Defendant failed to (1) offer a cure for the underweight bag or (2) failed to actually cure the specific underweight bag if an offer to cure was accepted. *See* I.C. 24-5-0.5-2(7).

Because Pansiera did not comply with the IDCSA's mandated notice provision, his claim for an "uncured" deceptive act fails as a matter of law. *See Jasper v. Abbott Labs., Inc*., 834 F.Supp.2d 766, 773 (N.D. Ill. 2011) (finding that, to state an uncured deceptive act claim, "notice must come from the consumer bringing the action" and that constructive notice is insufficient to state a claim); *see also Dzielak v. Whirlpool Corp*., 26 F. Supp. 3d 304, 344–45 (D.N.J. 2014) (dismissing uncured deceptive act claim for failing to comply with the IDCSA's notice provision). Accordingly, Plaintiff's uncured deceptive act claim is dismissed.

### b. Incurable Deceptive Act

A deceptive act is "incurable" if it is "done by a supplier as part of a scheme, artifice, or device with intent to defraud or mislead." I.C. § 24–5–0.5–2(7). "An IDCSA

claim alleging an incurable deceptive act must satisfy the heightened pleading standard of Fed. R. Civ. P. 9(b). *Thunander v. Uponor, Inc.*, 887 F. Supp. 2d 850, 874 (D. Minn. 2012) (citing *Young v. Harbor Motor Works, Inc.,* No. 07–31, 2009 WL 187793, *6 (N.D. Ind. Jan. 27, 2009); *SMC Corp. v. PeopleSoft USA, Inc.,* No. 00–01095, 2004 WL 2538641, *4 (S.D. Ind. Oct. 12, 2004)).  The heightened pleading standard requires the plaintiff to plead "the who, what, where, when, and how" of the fraud claim.  *See Sanderson v. HCA–The Healthcare Co.,* 447 F.3d 873, 877 (6th Cir. 2006) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.,* 125 F.3d 899, 903 (5th Cir. 1997)) (internal quotation omitted).

Defendant argues that Plaintiff fails to state a claim for an incurable deceptive act because the word "incurable" is absent from the Complaint.  (Doc. 7 at 2; Doc. 9 at 3). This argument does not hold water.  The Court is unaware of any case finding that "incurable" is a magic word that must be included in the pleadings to properly state an IDCSA claim for an incurable deceptive act.  The Court is not persuaded that Plaintiff must specifically reference the word "incurable" it his pleadings. Instead, all that is required is that Plaintiff must allege is that Home City Ice sold the ice bags as "part of a scheme, artifice, or device with intent to defraud or mislead."  I.C. § 24–5–0.5–2(7).

The Complaint is replete with allegations that Home City Ice engaged in a fraudulent scheme to defraud its customers who purchased Ice Bags.  For example, Plaintiff alleges "Home City Ice knew its Ice Bags were defective, mismarked, and overpriced, but chose to conceal, suppress, or omit these material facts while distributing,

marketing, and selling the Ice Bags . . . " (Doc. 1 at ¶ 25), Home City Ice "engaged in concealment, deception, suppression, or omission of material facts in violation of the IDCSA" by selling underfilled Ice Bags that it knew weighed fewer than seven pounds (*id.* at ¶ 66), "Home City Ice engaged in false, misleading, and deceptive acts when it misrepresented the nature of its Ice Bags, with the intent that others, such as Plaintiff and the Indiana Subclass, would rely upon the deception…" (*id*. at ¶ 67), and Home City Ice's "conduct constitutes fraud within the meaning of the IDCSA." (*Id.* at ¶ 76).

The Court finds that the allegations in the Complaint sufficiently capture the "who, what, where, when, and how" of the alleged fraud perpetrated by Home City Ice, meeting Rule 9(b)'s heightened pleading standard. Thus, Plaintiff adequately pleads an incurable deceptive act by Defendant in violation of the IDCSA.

Accordingly, Defendant's motion to dismiss Count V is GRANTED regarding the "uncured" deceptive act claim and is DENIED regarding the "incurable" deceptive act claim.

### III. CONCLUSION

For the foregoing reasons, Defendant Home City Ice Company's Partial Motion to Dismiss Counts IV and V of the Complaint is **GRANTED in part and DENIED in part**. Specifically:

1) Plaintiff's claim brought under the ODTPA (Count IV) is **DISMISSED**;

2) Plaintiff's "uncured deceptive act" claim brought under the IDCSA (Count V) is **DISMISSED**; and

3) Plaintiff's "incurable deceptive act" claim brought under the IDCSA (Count V)

will **PROCEED** against Defendant.

**IT IS SO ORDERED.**

Date:  6/29/20                                                          *s/ Timothy S. Black*
                                                                        Timothy S. Black
                                                                        United States District Judge