**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **RICK PANSIERA, on Behalf of** | **:** | |
| **Himself and Others Similarly Situated,** | **:** | **Case No. 1:19-cv-1042** |
| | **:** | **Judge Timothy S. Black** |
| **Plaintiff,** | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **THE HOME CITY ICE COMPANY,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**JOINT MOTION FOR PRELIMINARY APPROVAL**
**OF SETTLEMENT AGREEMENT, CERTIFICATION OF A TENTATIVE**
**SETTLEMENT CLASS AND APPOINTMENT OF CLASS COUNSEL**

Plaintiff and proposed class representative, Rick Pansiera, and defendant, The Home City Ice Company (collectively, the "Parties"), hereby jointly move the Court, pursuant to Fed. R. Civ. P. 23(e), to enter an order: (1) preliminarily approving the Parties' Class Action Settlement Agreement; (2) certifying the tentative settlement class; and (3) appointing class counsel.

Having considered the difficulties associated with this litigation – including the likelihood of ultimate success on the merits and the risks, expense and delay of further litigation – the Parties negotiated a settlement that achieves significant benefits for the settlement class. This settlement was difficult to achieve and reached only after lengthy, arm's length negotiations with the assistance of an experienced mediator. For all of the reasons more fully set forth in the attached memorandum, the Parties respectfully request that the Court grant this motion.

June 23, 2023                                       Respectfully submitted,


                                                   */s Brian P. O'Connor*
                                                   Brian P. O'Connor (0086646)
                                                   William E. Santen, Jr. (0019324)
                                                   SANTEN & HUGHES
                                                   600 Vine Street, Suite 2700
                                                   Cincinnati, Ohio  45202
                                                   bpo@santenhughes.com
                                                   wjs@santenhughes.com
                                                   (513) 721-4450


                                                   */s Jacob D. Mahle*
                                                   Victor A. Walton, Jr. (0055241)
                                                   Jacob D. Mahle (0080797)
                                                   Brent D. Craft (0085374)
                                                   VORYS, SATER, SEYMOUR & PEASE LLP
                                                   3500 Great American Tower
                                                   301 East Fourth Street
                                                   Cincinnati, Ohio  45202
                                                   vawalton@vorys.com
                                                   jdmahle@vorys.com
                                                   bdcraft@vorys.com
                                                   (513) 723-4000

                                                   *Class Counsel and Attorneys*
                                                   *for Plaintiff, Rick Pansiera*


                                                   */s Michael A. Roberts (per email authorization)*
                                                   Michael A. Roberts (0047129)
                                                   GRAYDON, HEAD & RITCHEY LLP
                                                   312 Walnut Street, Suite 1800
                                                   Cincinnati, Ohio  45202
                                                   mroberts@graydon.law
                                                   (513) 621-6464

                                                   *Attorney for Defendant,*
                                                   *The Home City Ice Company*

**MEMORANDUM IN SUPPORT OF
JOINT MOTION FOR PRELIMINARY APPROVAL
OF SETTLEMENT, CERTIFICATION OF A TENTATIVE
SETTLEMENT CLASS AND APPOINTMENT OF LEAD CLASS COUNSEL**

## I. INTRODUCTION AND SUMMARY

After conducting arm's length negotiations, plaintiff and proposed class representative, Rick Pansiera ("Plaintiff"), and defendant, The Home City Ice Company ("HCI" or "Defendant"), respectfully submit this Memorandum in Support of Joint Motion for Preliminary Approval of Settlement Agreement, Certification of a Tentative Settlement Class and Appointment of Class Counsel (the "Motion"). After more than three years of vigorous litigation over the claims and defenses, Plaintiff and Defendant, by and through counsel, have reached a fair, reasonable and adequate settlement (the "Settlement"), which fully and finally resolves and settles *Pansiera v. The Home City Ice Co.*, Case No. 1:19-cv-1042-TSB (the "Lawsuit"). The proposed Settlement will avoid further expense, uncertainty and delay, and bring a complete end to this case. The proposed Settlement, which is uniquely attuned to the issues in the litigation, is fair and provides substantial benefits to Class Members. The Parties' Class Action Settlement Agreement (the "Settlement Agreement"),[1] which is subject to this Court's approval, is attached as Exhibit 1.[2]

Before agreeing to the Settlement, the Parties engaged in intense litigation for more than three years. Defendant successfully moved to dismiss some of Plaintiff's claims, after which the Parties conducted class certification discovery. In response to Plaintiff's written discovery requests, Defendant produced over 2,200 pages of documentary evidence. Plaintiff deposed three key defense witnesses and Defendant deposed Plaintiff. Plaintiff moved to certify a class under

---

[1] Exhibit A to the Settlement Agreement is a spreadsheet of HCI facilities that will be the subject of third-party sampling pursuant to the terms of the Settlement Agreement, and is included with Exhibit 1. Exhibits B and C to the Settlement Agreement are this Motion and the accompanying Proposed Order (attached hereto as Exhibit 2).
[2] All capitalized terms not defined in this memorandum shall have the meanings set forth in the Settlement Agreement.

Fed. R. Civ. P. 23(a) and 23(b)(2) or (b)(3), which Defendant vigorously contested. Ultimately, the Court granted certification for declaratory and injunctive relief only, and denied Plaintiff's motion for class certification under Rule 23(b)(3), holding that Plaintiff's claims for monetary damages could not be maintained as a class action. After the Court's ruling, the Parties engaged in settlement negotiations and agreed to resolve all but the issue of attorneys' fees. The Parties then retained David P. Kamp to mediate the fee issue and, with Mr. Kamp's assistance, reached the Settlement that is now before the Court.

The Parties respectfully request that the Court grant preliminary approval of the proposed Settlement. Specifically, the Parties respectfully request that the Court enter an order: (1) preliminarily approving the Settlement Agreement as fair, reasonable and adequate to the Settlement Class; (2) conditionally certifying the nationwide class for the purpose of effectuating the Settlement Agreement; and (3) appointing Class Counsel. A proposed Order Granting Preliminary Approval of the Settlement, Certification of a Tentative Settlement Class and Appointment of Class Counsel is attached as Exhibit 2.

## II.    BACKGROUND OF LITIGATION AND SUMMARY OF SETTLEMENT BENEFITS

### A.    The Parties Reached a Settlement After Significant Litigation.

On December 9, 2019, Plaintiff filed a class action complaint ("Complaint or "Compl.") against Defendant, for the benefit of all consumers who had allegedly been defrauded when purchasing Defendant's "7 lb" bag of ice. Compl. (Doc. 1) at ¶ 1. Specifically, Plaintiff alleged that Defendant's "7 lb" bags of ice repeatedly and substantially weighed less than seven pounds, despite Defendant's explicit representation of "NET WT. 7 Lbs" on the bags. *Id.* at ¶ 12. In his Complaint, Plaintiff asserted claims for (1) breach of express warranty, (2) breach of implied warranty of merchantability, (3) unjust enrichment, (4) violation of Ohio's Deceptive Trade

Practices Act, (5) violation of Indiana's Deceptive Consumer Sales Act, (6) negligent misrepresentation, (7) promissory estoppel and (8) fraud. *See* Compl.

Defendant moved to dismiss some of Plaintiff's claims, which motion the Court granted in part and denied in part on June 29, 2020. Order Grant'g in Part & Den. in Part Def.'s Partial Mot. Dismiss (Doc. 10). The Court granted Defendant's motion as to Count IV, finding that the Ohio Deceptive Trade Practices Act afforded no cause of action to consumers, and Count V regarding Plaintiff's "uncured" deceptive act claim under Indiana's Deceptive Consumer Sales Act. *Id.* After the Parties agreed to bifurcate discovery as to class certification and the merits of the case, Defendant answered Plaintiff's Complaint on December 16, 2020. Answer (Doc. 19).

Class certification discovery proceeded, after which Plaintiff moved to certify a class under Fed. R. Civ. P. 23(a) and 23(b)(2) or 23(b)(3) on April 15, 2021, which Defendant vigorously contested. Pl.'s Mot. Class Cert., App't Class Rep. & App't Class Counsel (Doc. 20); Def.'s Mem. Opp. Pl.'s Mot. Class Cert., App't Class Rep. & App't Class Counsel (Doc. 26); Pl's Reply Mem. Supp. Mot. Class Cert., App't Class Rep. & App't Class Counsel (Doc. 28). On March 14, 2022, the Court granted certification for declaratory and injunctive relief only, and denied Plaintiff's motion for class certification under Rule 23(b)(3), holding that Plaintiff's claims for monetary damages could not be maintained as a class action. Order Grant'g Pl.'s Mot. Certify Class to Pursue Decl. & Inj. Relief Only (Doc. 29) (the "Cert. Order"). After conferring on the issues of notice to the class and potential settlement-related discovery, the Parties advised the Court, on June 16, 2022, that they were aligned on the substantive terms of an agreed injunction and a broader settlement, but needed to resolve the issue of an attorney fee award, which they did with the assistance of David P. Kamp who mediated their dispute.

The Parties have thoroughly reviewed and analyzed this case including, but not limited to, through formal and informal discovery, consultation with experts and review of applicable nationwide, Ohio and Indiana law. The Parties believe the Settlement is fair, reasonable, adequate and in the best interests of the Class Members, taking into account the benefits provided to Class Members through the terms of the Settlement, the risks of continued litigation and possible trial and appeals, and the length of time and the costs that would be required to complete the litigation.

B. The Settlement Provides Substantial Benefits to Settlement Class Members.

Pursuant to Fed. R. Civ. P. 23(b)(2), the Settlement provides for the certification, for settlement purposes only, of the following Settlement Class:

> All persons in the United States who purchased an underweight "7 lb." ice bag manufactured by or on behalf of HCI during the applicable limitations period. Excluded from the Settlement Class are persons who made such purchase for purpose of resale; the defendant, its officers, directors, employees, legal representative, successors, assigns; any person or entity who has or who at any time during the relevant class period had a controlling interest in any Defendant; the Judges to whom this case is assigned and any member of the Judges' immediate families.

Settlement Agreement, ¶ 1.3.

Defendant has agreed to the implementation of injunctive relief. *Id.* at § II. Defendant shall consent to the entry of an agreed injunction concerning: (1) sample bag guidelines; (2) package labeling; (iii) policies and procedures regarding bag weights; and (iv) third-party sampling. *Id.* at ¶ 2.1. Specifically, Defendant shall consent to the entry of an agreed final judgment order providing the Class with injunctive relief ordering HCI to (a) increase the amount of its acceptable fill range for the Product from 7.0-7.5 lbs. to 7.1-7.6 lbs.; (b) modify the packaging for the Product to include a statement that the weight of the Product is measured when packaged; (c) create and maintain an automated system for the daily reporting of underweight sample bags

of Product and an automated alert if any manufacturing facility fails to daily report weights; and (d) perform routine quality control and quality assurance audits regarding the weight of the Produce, and to engage a third-party consultant to conduct sampling of the Product. *Id.* at ¶ 2.1.1.

The third-party consultant to be engaged shall sample, weigh and report the weight of ten bags of the Product at ten HCI manufacturing locations per fiscal quarter. The third-party's sampling shall occur on or before the end of each of two full consecutive fiscal quarters, with the sampling beginning with the next full fiscal quarter after the Effective Date. HCI shall file notice with the Court following each fiscal quarter reflecting the results of the sampling from that fiscal quarter. If the third-party sampling reveals that more than 7 of the 100 bags of Product sampled weighed less than 6.83 lbs., then HCI shall be required to conduct one additional fiscal quarter of third-party sampling under the same terms and conditions. The third-party sampling component of the injunctive relief in the final agreed judgment order shall terminate only after HCI has certified in a total of two quarterly notices filed with the Court that the third-party sampling from a fiscal quarter revealed seven or less instances of Product sampled that weighed less than 6.83 lbs. *Id.* at ¶ 2.1.2.

In exchange for the above benefits, Plaintiff has agreed to a release all of his claims, in law or equity, that relate to claims arising out of HCI's alleged misrepresentations concerning the weight of its Product. *Id.* at ¶ 4.1. The Class Members other than Plaintiff have agreed to a limited release of only Claims for injunctive relief. *Id.* at ¶ 4.2. Class Members fully preserve the right to bring lawsuits for money damages or other forms of monetary relief. *Id.*

C.      Notice is Not Required.

"Pursuant to [Fed. R. Civ. P. 23], only members of classes certified under Rule 23(b)(3), rather than 23(b)(1) or 23(b)(2), are entitled to notice of class certification and an opportunity to

opt out of the class." *City of N. Royalton v. McKesson Corp. (In re Nat'l Prescription Opiate Litig.)*, 976 F.3d 664, 668, n.4 (6th Cir. 2020) (citing Fed. R. Civ. P. 23(c)(2)(A), (B)). Indeed, Rule 23 "provides no opportunity for (b)(1) or (b)(2) class members to opt out, and does not even oblige the District Court to afford them notice of the action." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011). *See also Reeb v. Ohio Dep't of Rehab. & Corr., Belmont Corr. Inst.*, 435 F.3d 639, 645 (6th Cir. 2006) ("Rule 23(b)(1) and Rule 23(b)(2) authorize 'mandatory' class actions under which potential class members do not have an automatic right to notice or a right to opt out of the class."); *Buckeye Tree Lodge v. Expedia, Inc.*, No. 3:16-cv-04721-VC, 2021 U.S. Dist. LEXIS 69647, at *4 (N.D. Cal. Apr. 9, 2021) ("Notice is not required for this Rule 23(b)(2) class. The terms of the Settlement provide for injunctive relief only and specifically preserve the Class Members' rights to bring claims for monetary damages of any kind. Class Members do not have the right to opt out. As a result, notice is not required."). Federal courts across the county have uniformly held that notice is not required for injunctive relief settlements under Rule 23(b)(2).[3]

Here, the Settlement Agreement provides for injunctive relief only and specifically preserves Class Members' rights to bring claims for monetary damages of any kind. Class Members do not have the right to opt out. Notice is not, therefore, required.

### III.    PRELIMINARY APPROVAL IS APPROPRIATE

"The claims, issues, or defenses of a certified class . . . may be settled . . . only with the court's approval." Fed. R. Civ. P. 23(e). Settlement of class actions is, however, generally favored

---

[3]      *See, e.g.*, *Stathakos v. Columbia Sportswear Co.*, No. 4:15-cv-04543, 2018 U.S. Dist. LEXIS 17138, *8-9 (N.D. Cal. Jan. 25, 2018); *DL v. Dist. of Columbia*, 302 F.R.D. 1, *16-17 (D.D.C. 2013); *Jermyn v. Best Buy Store, L.P.*, No. 08 Civ. 214, 2012 U.S. Dist. LEXIS 90289, *32-33 (S.D.N.Y. June 27, 2012); *Green v. Am. Express Co.*, 200 F.R.D. 211, 212-13 (S.D.N.Y. 2001); *Linquist v. Bowen*, 633 F. Supp. 846, 862 (W.D. Mo. 1086); *Mamula v. Satralloy, Inc.*, 578 F. Supp. 563, 572 (S.D. Ohio 1983).

and encouraged. *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981). "Settlement approval consists of three steps: '(1) the court must preliminarily approve the proposed settlement, (2) members of the class must be given notice of the proposed settlement, and (3) after holding a hearing, the court must give its final approval of the settlement.'" *Bailey v. Verso Corp.*, 337 F.R.D. 500, 505 (S.D. Ohio 2021) (quoting *In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 985, 1026 (S.D. Ohio 2001)). "Courts review class settlements to protect the interests of absent parties by ensuring the agreement is not 'the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned.'" *Id.* (quoting *Clark Equip. Co. v. Int'l Union, Allied Indus. Workers*, 803 F.2d 878, 880 (6th Cir. 1986) (quoting *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982))).

In order to determine whether the proposed settlement is fair, reasonable and adequate, district courts in the Sixth Circuit balance the following factors:

> (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of class counsel and representatives; (6) the reaction of absent class members; and (7) public interest in the settlement.

*Id.* (citation omitted). "The court need not make an affirmative determination of each factor but, rather, should grant preliminary approval if 'the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval.'" *Id.* (quoting *In re Telectronics*, 137 F. Supp. 2d at 1015). The Court "enjoys wide discretion in assessing the weight and applicability of these factors." *Granada Invest., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205-06 (6th Cir. 1992).

A. The Likelihood of Ultimate Success on the Merits, Balanced
Against the Amount and Form of Relief Offered, Supports Approval
of the Settlement.

"The most important of the factors to be considered in reviewing a settlement is the probability of success on the merits." *In re Gen. Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1086 (6th Cir. 1984). "The ultimate question . . . is whether the interests of the class as a whole are better served if the litigation is resolved by the settlement rather than pursued." *Bailey v. AK Steel Corp.*, No. 1:06-cv-468, 2008 U.S. Dist. LEXIS 16704, at *4 (S.D. Ohio Feb. 21, 2008), *aff'd* 320 Fed. App'x 364 (6th Cir. 2009) (internal quotations and citation omitted). "It is neither required, nor is it possible for a court to determine the settlement is the fairest possible resolution of the claims of every individual class member; rather, the settlement, taken as a whole, must be fair, adequate, and reasonable." *Id.* (citation omitted). In assessing the settlement, "the Court should balance the benefits afforded to members of the Class, and the *immediacy* and *certainty* of a substantial recovery for them, against Plaintiff's likelihood for success on the merits." *In re Nationwide Fin. Servs. Litig.*, No. 2:08-cv-00249, 2009 U.S. Dist. LEXIS 126962, at *5-6 (S.D. Ohio Aug. 18, 2009) (emphasis original).

Here, the prospect of any recovery, had the Parties proceeded further to litigate the matter, was "not overwhelming." *Bailey v. AK Steel*, 2008 U.S. Dist. LEXIS 16704, at *7. Significant questions about whether Plaintiff could have prevailed on the merits of the case persist, particularly in light of the Court's finding that "Plaintiff's claims for monetary damages **CANNOT** be maintained as a class action" because he had "not proposed an ascertainable class." Cert. Order at 6, 23 (emphasis original). By virtue of the Parties' settlement, Class Members avoid these risks.

Notwithstanding questions about whether Plaintiff would eventually prevail on the merits, this Settlement provides substantial benefits to Class Members. The Settlement provides certain

and current relief, as opposed to uncertain litigation. The negotiated injunction is fair, reasonable and adequate and directly remedies the harms alleged in the Complaint – it stops any questionable practices and establishes processes and procedures to ensure that Class members receive seven pounds of ice when they purchase Defendant's "7 lb" bags of ice, instead of underweight bags that allow HCI to add to its own bottom line. Further, it does not prevent Class members from seeking monetary recourse.

With an injunctive class, Plaintiff has achieved the same result he could have achieved at trial. When balanced against the possibility that Class members might have received nothing by going forward, this factor weighs heavily in favor of approving the proposed Settlement.

B.     The Risks, Expense and Delay of Further Litigation All Support
        Approval of the Settlement.

In determining the fairness of a settlement, courts also consider "[t]he complexity, expense and likely duration of the litigation." *In re Telectronics*, 137 F. Supp. 2d at 1013. This case, like "most class actions," is "inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them." *Id.* (quoting *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000)). "[A]voiding the delay, risks, and costs of continued litigation against a defendant is a valid reason for counsel to recommend and for the court to approve a settlement." *In re Nationwide*, 2009 U.S. Dist. LEXIS 126962, at *10; *see also Ayers v. Thompson*, 358 F.3d 356, 369 (5th Cir. 2004) ("settling now avoids the risks and burdens of potentially protracted litigation").

The difficulty the Parties would encounter in proving and defending the claims, the substantial litigation expenses and a possible delay due to the appellate process all justify this Court's approval of the Settlement.

Absent a settlement, Plaintiff would be required to engage in time-consuming, expensive and likely disputed discovery practice. In addition to fact discovery, expert discovery would involve both the preparation of experts' reports, rebuttal reports and the depositions of experts. Summary judgment motions and trial preparation would be a massive endeavor and require considerable additional time and resources. Counsel on both sides would have had to expend many hours preparing for direct and cross-examination, identifying and preparing the exhibits intended for use at trial, and filing and responding to pre-trial motion practice, including motions *in limine*. The trial itself would take at least a week or two, if not longer.

These efforts and costs must be considered in connection with this Motion. In complex class action litigation, such expenses will burden any recovery obtained for the Settlement Class, even if Plaintiff were to succeed, particularly in a case such as this where success is limited to injunctive relief. Moreover, even a victory at trial might be lost through post-trial motions or likely appeals. All of this work would have resulted in the expenditure of many additional hours (and years) of effort and great additional expense.

This factor also weighs heavily in favor of approval because the Settlement secures a substantial benefit in a complex action, undiminished by further expenses and without delay, costs, and uncertainty of protracted litigation.

C.     <u>The Stage of Proceedings and Amount of Discovery Support</u>
<u>Approval of the Settlement.</u>

To ensure that Plaintiff has had access to sufficient information to evaluate his case and assess the adequacy of the Settlement, the stage of the proceedings and the amount of discovery taken must be considered. *In re Telectronics*, 137 F. Supp. 2d at 1015; *Kogan v. AIMCO Fox Chase, L.P.*, 193 F.R.D. 496, 502 (E.D. Mich. 2000). The fact that more formal discovery did not occur does not prohibit a settlement in this case. *Levell v. Monsanto Research Corp.*, 191 F.R.D.

543, 556-57 (S.D. Ohio 2000) (finding that "[c]ounsel's reliance upon informal discovery does not preclude approval of the proposed Settlement.").

Here, more than three years have now elapsed since the filing of the Complaint, and several motions have been filed. The nature of this case hinges on whether Defendant's standardized processes and procedures adequately ensure that the bags of ice it sells to consumers are accurately filled to the proper weight. The Settlement occurred only after Plaintiff had the opportunity to review documents produced by Defendant, understand and assess Defendant's processes and procedures, depose three key witnesses, analyze the legal and factual defenses raised by Defendant and evaluate the risks of continued litigation. In short, the Parties have a "clear view of the strengths and weaknesses of their cases." *In re Warner Commc'ns Sec. Litig.*, 618 F. Supp. 735, 745 (S.D.N.Y. 1985), *aff'd* 798 F.2d 35 (2d Cir. 1986).

This factor weighs in favor of approving the proposed Settlement. Both sides are fully apprised of the legal and factual issues presented, as well as the strengths and weaknesses of their cases, and have made a well-informed decision to enter into the Settlement.

D.     The Judgment of Experienced Counsel Who Have Competently
       Evaluated the Strength of the Case Supports Approval of the
       Settlement.

The view of experienced counsel favoring the settlement is "given great weight by the Court." *In re Art Materials Antitrust Litig.*, 100 F.R.D. 367, 371 (N.D. Ohio 1983) (citation omitted); *In re Telectronics*, 137 F. Supp. 2d at 1015-16 ("the Court heeds the recommendation of [] experienced, professional, and competent Counsel"). It is well settled that, in approving a class action settlement, courts should "defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs." *Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir. 1983).

Both Plaintiff's and Defendant's counsel are experienced practitioners in the field of complex class actions. Counsel for the Parties urge preliminary approval of the Settlement based upon their experience, their knowledge of the strengths and weaknesses of the case, their analysis of the discovery taken in the case, the risks associated with this type of litigation, the likely recovery at trial and on appeal, and other factors considered in evaluating the Settlement. The Settlement has been negotiated vigorously and at arm's length. Further, Plaintiff and his counsel have, at all times, acted independently and their interests coincide with the interests of the Settlement Class. Plaintiff and Defendant made a well-informed decision to enter into the Settlement.

E.     The Settlement is Consistent With the Public Interest.

"There is a strong public interest in encouraging settlement of complex litigation and class-action suits because they are notoriously difficult and unpredictable and settlement conserves judicial resources." *Bailey v. A.K. Steel*, 2008 U.S. Dist. LEXIS 16704, at *11 (quoting *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003)). As the Sixth Circuit has stated:

> Settlement agreements should [] be upheld whenever equitable and policy considerations so permit. By such agreements are the burdens of trial spared to the parties, to other litigants waiting their turn before over-burdened courts, and to the citizens whose taxes support the latter. An amicable compromise provides the more speedy and reasonable remedy for the dispute.

*Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1976), *cert. denied* 429 U.S. 862 (1976). *Accord In re Telectronics*, 137 F. Supp. 2d at 1025 ("the public interest favors approval of the settlement"); *In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 372 (S.D. Ohio 1990) (same). The public has a significant interest in settlement of disputed claims that require substantial federal judicial resources to supervise and resolve. The Settlement ends

potentially long and protracted litigation and frees the Court's valuable judicial resources.

Although the Parties could have litigated the case to judgment and taxed the resources of the litigants and the Court, they chose instead to rationally and reasonably forgo the expense and uncertainty of continued litigation and focus their efforts on achieving a fair and adequate settlement that took the risks of further litigation into account. The Settlement confers immediate benefits on Settlement Class members, avoids the risks and expense of further litigation, and conserves judicial resources. Accordingly, the Court should find that the public interest favors preliminarily approving the settlement.

## IV.  A SETTLEMENT CLASS SHOULD BE CERTIFIED

The Supreme Court has recognized that, at times, the benefits of a proposed settlement of a class action "can be realized only through the [] certification of a settlement class." *Wess v. Storey*, No. 2:08-cv-623, 2011 U.S. Dist. LEXIS 41050, at *17 (S.D. Ohio Apr. 14, 2011) (citing *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997)). For a settlement class to be certified, all four requirements of Rule 23(a) must be satisfied, along with one of the three categories of Rule 23(b). *Pelzer v. Vassalle*, 655 F. App'x 352, 363 (6th Cir. 2016). For purposes of settlement, the requirements of Fed. R. Civ. P. 23(a) and (b)(2) have been met. Accordingly, the Parties seek the conditional certification of the Settlement Class.

### A.  Rule 23(a) Requirements Are Satisfied for Purposes of Certifying a Settlement Class.

"The four requirements of Rule 23(a), numerosity, commonality, typicality and adequacy, are well recognized and defined by the courts." *Wess*, 2011 U.S. Dist. LEXIS 41050, at *17. In certifying a class for settlement purposes only, the Court need not determine "whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial." *Amchem Prods.*, 521 U.S. at 620. All four requirements are satisfied for purposes of certifying a

settlement class in this case.

### 1.    Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "The reason for the impracticability requirement is obvious. Only when joinder is impracticable is there a need for a class action device. *In re Am. Med. Sys.*, 75 F.3d 1069, 1079 (6th Cir. 1996). "There is no strict numerical test for determining impracticability of joinder." *Id.* (citing *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 523, n.24 (6th Cir. 1976), *cert. denied* 429 U.S. 870 (1976)). Rather, the Court must examine this factor in light of the specific facts of the case. *Id.* While there is no strict test to determine when the class is sufficiently numerous to be joined under Rule 23, a "substantial" number of class members satisfies the element. *Daffin v. Ford Motor Co.*, 458 F.3d 549, 552 (6th Cir. 2006). Indeed, "[w]hen class size reaches substantial proportions, . . . the impracticability requirement is usually satisfied by the numbers alone." *In re Am. Med. Sys.*, 75 F.3d at 1079 (citing 1 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions*, § 3.05, at 3-26 (3d ed. 1992)).

The Court has found that "Plaintiff has met the numerosity requirement by demonstrating that the class is so numerous 'that joinder of all members is impracticable." Cert. Order at 12 (quoting Fed. R. Civ. P. 23(a)(1)). As the Court noted, "by virtue of the raw quantity of ice bags sold – around 24.5 million bags annually," joinder would be impracticable. *Id.* at 12-13.

### 2.    Commonality

Rule 23(a)(2) requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). As the Court has noted,

> [a]though the Rule "speaks of 'questions' in the plural," the Sixth Circuit has held that "one question common to the class satisfies the requirement." *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998). As the Supreme Court explained in *Tyson*

> *Foods, Inc. v. Bouaphakeo*, "an individual question is one where 'members of a proposed class will need to present evidence that varies from member to member,' while a common question is one where 'the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof. 136 S. Ct. 1036, 1045 (2016) (quoting 2 W. Rubenstein, Newberg, *Newberg on Class Actions* § 450, pp. 196-97 (5th ed. 2012)).
>
> Commonality does not require "raising the common 'questions' – even in droves – but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Zehentbauer Family Land, L.P. v. Chesapeake Expl., LLC*, 935 F.3d 496, 503 (6th Cir. 2019) (quoting *Dukes*, 564 U.S. at 350)). Said another way, commonality is met when determining the "truth or falsity" of a common contention "will resolve an issue that is central to the validity of each one of the claims in one stroke," advancing the litigation. *Dukes*, 564 U.S. at 350; *Sprague*, 133 F.3d at 397.

Cert. Order at 13-14.[4]

As this Court has noted, with respect to his claims for injunctive and declaratory relief, "Plaintiff has established the requisite commonality." *Id.* at 14. Defined as "all persons in the United States who purchased an underweight '7 lb.' ice bag from HCI during the applicable limitations period" – commonality among the Class is clear. *Id.* "All purchasers of underweight HCI ice bags would indeed suffer the same injury." *Id.* "Common proofs . . . include evidence that bags roll [off] HCI's production lines systematically underweight, that HCI exercises control over the weight variance, and that HCI know or has reason to know it is selling mislabeled ice bags." *Id.* at 14-15. Rule 23(a)(2) is satisfied because the resolution of these questions of law or fact are common to the Settlement Class.

### 3.   Typicality

"Typicality is met if the class members' claims are 'fairly encompassed by the named

---

[4]    Internal citations have been modified to reflect necessary full, and consistent short, citations throughout this Motion.

plaintiff's claims.'" *Hendricks v. Total Quality Logistics, LLC*, No. 1:10-cv-649, 2019 U.S. Dist. LEXIS 96940, at *24 (S.D. Ohio Mar. 22, 2019) (quoting *Sprague*, 133 F.3d at 399). "This requirement [e]nsures that the representatives' interests are aligned with the interests of the represented class members so that, by pursuing their own interests, the class representatives also advocate the interests of the class members." *Id.*

The claims or defenses of the representative party are typical of the claims or defenses of the Settlement Class. To satisfy the typicality requirement of Rule 23(a)(3), the claims of the class representatives must be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "Typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." *In re Am. Med. Sys.*, 75 F.3d at 1082 (citation omitted) ("a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory").

"For reasons already elaborated regarding commonality, Plaintiff has also established typicality." Cert. Order at 16. The class members' claims arise from a "unitary course of conduct" – "ha[ving] to do with HCI's standardized ice production and labeling methods" – which also applies to Plaintiff. *Id.* "Similarly, the legal theory [is] uniform across class members and Plaintiff." *Id.* Accordingly, Rule 23(a)(3) is satisfied in this case.

### 4. Adequacy

The adequacy of representation requirement of Rule 23(a)(4) ensures that "the representative parties will fairly and adequately protect the interests of the class." To satisfy the adequacy of representation element, "(1) the representatives must have common interests with

unnamed members of the class, and (2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *In re Dry Max Pampers Litig.*, 724 F.3d 713, 721 (6th Cir. 2013) (quoting *Vassalle v. Midland Funding LLC*, 708 F.3d 747, 757 (6th Cir. 2013)). "The court reviews the adequacy of class representation to determine whether class counsel are qualified, experienced and generally able to conduct the litigation, and to consider whether the class members have interests that are not antagonistic to one another." *Stout v. J.D. Byrider*, 228 F.3d 709, 717 (6th Cir. 2000).

Here, Plaintiff is an adequate Settlement Class representative. "Plaintiff [has] common interests with the unnamed class members. He and the . . . [C]lass . . . purchased underweight bags of ice based on misrepresentations." Cert. Order at 20. With respect to his claim for injunctive relief, Plaintiff has no interests that are adverse or antagonistic to the interests of the Settlement Class. All Class Members will benefit equally from the Injunctive Relief provided by Settlement, and each Class Member retains the right to pursue his or her individual damages claims. Further, Plaintiff and his counsel, who have the requisite experience and skill to pursue the class's interests vigorously have done so. *Id.* (citing Docs. 20-31 and 20-32)).[5]

B.     The Settlement Class Meets the Requirements of Rule 23(b)(2)

To certify a class for injunctive and declaratory relief under Rule 23(b)(2), Plaintiff must show "the party opposing the class has acted or refused to act on grounds that apply generally to

---

[5]     The absence of a damage recovery in this settlement does not suggest a lack of vigor on the part of the class representatives or class counsel. Class members preserve their rights to pursue any individual damage claims they may have regarding Defendants. *Smith v. Ohio Dep't of Rehab. & Corr.*, No. 2:08-cv-15, 2010 U.S. Dist. LEXIS 81842, *7-8 (S.D. Ohio Aug. 12, 2010) (noting parties preserved right for class members to pursue their own claims for damages in separate actions by including such protection in proposed settlement); *Fresco v. Auto. Directions, Inc.*, No. 03-CIV-61063, 2009 U.S. Dist. LEXIS 125233, at *13 (S.D. Fla. Jan. 16, 2009) (certifying Rule 23(b)(2) settlement and noting that "the parties' settlement preserves any individual claims that class plaintiffs may have for actual damages, claims which might otherwise have precluded certification under Rule 23(b)(2).").

the class, so that the final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R Civ. P. 23(b)(2). "The key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted – the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or [as] to none of them.'" Cert. Order at 20-21 (citing *Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 428 (6th Cir. 2012) (quoting *Dukes*, 564 U.S. at 361))).

As the Court noted when certifying an injunctive relief class, an injunction that orders HCI to "adopt policies and procedures that ensure that ice bags placed into the market for sale to consumers bear an accurate weight statement, and to cease its deceptive and misleading practices concerning the advertising, labeling, and sale of ice bags that it know or should know are underweight" would benefit both Plaintiff and the class member who have purchased underweight bags of ice. *Id.* at 21. "Thus, it is true 'that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or [as] to none of them.'" *Id.* (citing *Gooch*, 672 F.3d at 428 (quoting *Dukes*, 564 U.S. at 361))). Because the agreed upon injunctive relief does exactly that – enjoins HCI from acting on grounds that apply generally to the Class – the case is appropriate for certification under Rule 23(b)(2).[6]

The fact that the Settlement carves out Class Members' claims for actual damages, in addition to achieving important injunctive relief, also supports certification of a settlement class under Rule 23(b)(2). *Austin v. Wilkinson*, 83 Fed. App'x 24, 25 (6th Cir. 2003) ("[Appellant's] main complaint seems to be a desire to pursue compensatory damages; he is of course not barred from seeking damages by the preclusive effect of the class action, which bars only future injunctive

---

[6]     Certification under Rule 23(b)(2) is appropriate "when a single injunction or declaratory judgment would provide relief to each member of the class." *Dukes*, 564 U.S. at 360-61; *Clemons v. Norton Healthcare Inc.*, 890 F.3d 254, 279 (6th Cir. 2018).

relief."); *Smith v. Ohio Dep't of Rehab. & Corr.*, No. 2:08-cv-15, 2010 U.S. Dist. LEXIS 81842, at *7, 10 (S.D. Ohio Aug. 12, 2010) (certifying Rule 23(b)(2) settlement class noting that "if any [class member] has a documented, medically substantiated asbestos-related condition, he is free to file a separate cause of action . . . [and] the pending litigation will not affect his rights in that regard," and further holding that objecting class members "always had the right and ability to bring a separate cause of action to pursue compensatory damages for physical injury."); Fresco v. Auto. Directions, Inc., No. 03-DIV-61063, 2009 U.S. Dist. LEXIS 125233, at *13 (S.D. Fla. Jan. 16, 2009 (certifying Rule 23(b)(2) settlement, noting that "the parties' settlement preserves any individual claims that class plaintiffs may have for actual damages, claims which might otherwise have precluded certifications under Rule 23(b)(2).").

The Settlement, which resolves equitable relief only and expressly carves out any individual claims brought by Settlement Class Members for damages, is appropriate for certification under Rule 23(b)(2).

## V.    <u>CONCLUSION</u>

For all of the foregoing reasons, the Settlement if fair, reasonable and adequate.  The Parties, therefore, respectfully request that the Court grant preliminary approval and enter the attached proposed Order Granting Preliminary Approval of the Settlement, Certification of a Tentative Settlement Class and Appointment of Class Counsel (Exhibit 2).

June 23, 2023                              Respectfully submitted,


                                           */s Brian P. O'Connor*
                                           Brian P. O'Connor (0086646)
                                           William E. Santen, Jr. (0019324)
                                           SANTEN & HUGHES
                                           600 Vine Street, Suite 2700
                                           Cincinnati, Ohio  45202
                                           bpo@santenhughes.com
                                           wjs@santenhughes.com
                                           (513) 721-4450


                                           */s Jacob D. Mahle*
                                           Victor A. Walton, Jr. (0055241)
                                           Jacob D. Mahle (0080797)
                                           Brent D. Craft (0085374)
                                           VORYS, SATER, SEYMOUR & PEASE LLP
                                           3500 Great American Tower
                                           301 East Fourth Street
                                           Cincinnati, Ohio  45202
                                           vawalton@vorys.com
                                           jdmahle@vorys.com
                                           bdcraft@vorys.com
                                           (513) 723-4000

                                           *Class Counsel and Attorneys*
                                           *for Plaintiff, Rick Pansiera*


                                           */s Michael A. Roberts (per email authorization)*
                                           Michael A. Roberts (0047129)
                                           GRAYDON, HEAD & RITCHEY LLP
                                           312 Walnut Street, Suite 1800
                                           Cincinnati, Ohio  45202
                                           mroberts@graydon.law
                                           (513) 621-6464

                                           *Attorney for Defendant,*
                                           *The Home City Ice Company*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on June 23, 2023, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  The parties may access this filing through the Court's system.

*/s/ Jacob D. Mahle*

Jacob D. Mahle
