UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RICK PANSIERA, on behalf of himself and others similarly situated, | : | Case No. 1:19-cv-1042 |
| | : | |
| | : | Judge Timothy S. Black |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| THE HOME CITY ICE COMPANY, | : | |
| | : | |
| Defendant. | : | |

**ORDER GRANTING PRELIMINARY APPROVAL OF THE SETTLEMENT, CERTIFICATION OF A TENTATIVE SETTLEMENT CLASS AND APPOINTMENT OF CLASS COUNSEL**

This matter is before the Court on the Joint Motion of plaintiff, Rick Pansiera ("Plaintiff"), and defendant, The Home City Ice Company's ("Defendant" or "HCI"), for Preliminary Approval of Settlement Agreement, Certification of a Tentative Settlement Class and Appointment of Lead Counsel (Doc. 36) (the "Motion").[1]

Having reviewed the Motion and the Class Action Settlement Agreement (the "Settlement Agreement") (Doc. 36-1) entered into by Plaintiff and Defendant, the Court finds that the Motion should be **GRANTED**. The Court further FINDS and ORDERS:

1. **Rule 23 Class**. The Court previously certified a class concerning declaratory and injunctive relief only. (Doc. 29). For those same reasons, the Court continues to find that the class satisfies the requirements of Fed. R. Civ. P. 23(a) and Fed.

---

[1] Also before the Court is Plaintiff's Motion for Attorneys' Fees, Costs and Class Representative Incentive Award (Doc. 37), which motion will be considered after the Fairness Hearing, discussed *infra*.

R. Civ. P. 23(b)(2). (*See id.*) Accordingly, the following Class is hereby preliminarily and conditionally approved for settlement purposes:

> All persons in the United States who purchased an underweight "7 lb." ice bag manufactured by or on behalf of HCI during the applicable limitations period. Excluded from the Class are persons who made such purchase for the purpose of resale; the defendant, its officers, directors, employees, legal representatives, successors and/or assigns; any person or entity who has, or at any time during the relevant class period had, a controlling interest in any Defendant; the Judges to whom this case is assigned and any member of the Judges' immediate families.

2. **Notice.** The Settlement provides for injunctive relief only, from which no right to exclusion exists, and specifically preserves the Class Members' rights to bring claims for monetary damages of any kind. Accordingly, the Court finds that notice pursuant to the Class Action Fairness Act is adequate. 28 U.S.C. § 1715; *see also* Fed. R. Civ. P. 23(c)(2)(A) ("For any class certified under Rule 23(b)(1) or (b)(2), the court may direct appropriate notice to the class"); *Coleman v. Gen. Motors Acceptance Corp.*, 296 F.3d 443, 447 (6th Cir. 2002) (Rule 23(b)(2) is a mandatory class; it does "not require that a court provide individual members of the class with notice and the opportunity to 'opt out' of the class action").

3. **Injunctive Relief**. Given that the Settlement provides for only injunctive relief, if the Settlement is finally approved, all Class Members shall be bound by all determinations and judgments in the class action concerning the Settlement including, but not limited to, the releases provided for in the Settlement Agreement, whether favorable or unfavorable.

4. **Class Representative.**  Plaintiff, Rick Pansiera, is appointed Class Representative of the Class.

5. **Class Counsel.**  Brian P. O'Connor and William E. Santen, Jr. of Santen & Hughes, and Victor A. Walton, Jr., Jacob D. Mahle and Brent D. Craft of Vorys, Sater, Seymour & Pease, LLP, are appointed as Class Counsel for the Class.

6. **Preliminary Approval of the Agreement.**  The Settlement is hereby preliminarily approved as being fair, reasonable, and adequate as to Class Members, subject to further consideration at the hearing described below.

7. **Fairness Hearing.**  A hearing (the "Fairness Hearing") shall be held to:

 a. determine whether the proposed Settlement, on the terms and conditions provided for by the Settlement Agreement, is fair, reasonable and adequate and should be approved by the Court;

 b. determine whether a Final Approval Order, as defined in the Settlement Agreement, should be entered;

 c. determine whether Plaintiff's application for attorneys' fees, reimbursement of expenses and payment of an incentive award to the Class Representative should be approved; and

 d. rule upon such other matters as the Court may deem appropriate.

8. **Date and Procedure of Fairness Hearing.**  The Fairness Hearing will be held on December 5, 2023 at 11:00 a.m.  Pursuant to consent of the parties, the Fairness Hearing will be conducted virtually.

a. Counsel of record and timely objectors ("Participants") will receive video conference instructions at least seven (7) days before the Final Hearing via email. Participants are required to submit their microphones when not speaking.

b. Non-participants may join the hearing by calling: 1 (517) 317-3122; Access Code: 854-573-445. Non-participants are required to mute their telephones during all stages of the proceedings. Non-participants should call into the hearing shortly before, as the Court will lock the virtual hearing room once the Fairness Hearing is underway.

c. Video and/or audio recording of the Fairness Hearing is prohibited.

d. The Court may, in its discretion, change the date and/or time of the Fairness Hearing. Any changes to the date and/or time will be reflected on the docket.

9. **Supporting Papers.** All papers in support of the Settlement shall be filed no later than **fourteen (14) days before the Fairness Hearing**.

10. **Objections.** Any Class Member may appear and show cause, if he/she/it has any reason why the proposed Settlement should not be approved as fair, reasonable and adequate, or why Class Counsel's application for an award of attorneys' fees and reimbursement of expenses should not be granted; provided, however, that no person shall be heard or entitled to contest such matters unless he/she/it has hand delivered or sent (by first class mail) written objections and supporting papers/briefs, **delivered or postmarked no less than thirty (30) days before the Fairness Hearing**, to the following:

4

Clerk of Court
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
Potter Stewart U.S. Courthouse
100 East Fifth Street, Room 103
Cincinnati, Ohio 45202

  **AND**

Victor A. Walton, Jr.
Jacob D. Mahle
Brent D. Craft
VORYS, SATER, SEYMOUR & PEASE LLP
3500 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
*Class Counsel*

  **AND**

Michael A. Roberts
GRAYDON, HEAD & RITCHEY LLP
312 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
*Counsel for Defendant*

11. **Response to Objections.**  Any papers or briefs in response to any such objection(s) **shall be filed no later than seven (7) days before the Fairness Hearing**.

12. **Failure to Object.**  Any person who does not make his, her or its objection(s) in the manner provided in this Order shall be deemed to have waived such objection(s) and shall forever be foreclosed from making any objection(s) to the fairness or adequacy of the proposed Settlement as set forth in the Settlement Agreement, unless otherwise ordered by the Court.

13. **Use of Settlement.**  Neither this Order, the Settlement and/or the Settlement Agreement, their terms or the negotiations or proceedings in connection

therewith, shall:  (a) constitute evidence or an admission by Defendant that any acts of wrongdoing have been committed; (b) be deemed to create any inference that there is any liability on the part of Defendant; or (c) be offered or received in evidence, or used for any purpose in this Court or any other proceedings in any forum whatsoever, except as necessary to enforce the terms of this Order or the Settlement.

14. **Stay.**  Pending final determination of whether the Settlement Agreement should be approved, Plaintiff, Class Members and Class Counsel are barred and enjoined from commencing or prosecuting any action asserting any Released Claims against Defendant.

15. **Jurisdiction.**  The Court retains jurisdiction to consider all further applications or matters arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with any modifications agreed to by the Plaintiff and Defendant, if appropriate, without further notice to the Class.

**IT IS SO ORDERED.**

Date:   8/7/2023

*/s/ Timothy S. Black*
Timothy S. Black
United States District Judge