**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **RICK PANSIERA, on Behalf of Himself and Others Similarly Situated,** | : : : | **Case No. 1:19-cv-1042** |
| **Plaintiff,** | : : | **Judge Timothy S. Black** |
| v. | : : | |
| **THE HOME CITY ICE COMPANY,** | : : | |
| **Defendant.** | : | |

**JOINT MOTION FOR FINAL APPROVAL ORDER AND FINAL JUDGMENT APPROVING THE CLASS ACTION SETTLEMENT, AND CERTIFYING A CLASS FOR SETTLEMENT PURPOSES**

Plaintiff and Class Representative, Rick Pansiera, and Defendant, The Home City Ice Company, file this Joint Motion for a Final Order approving this Class Action Settlement and certifying the Class for Settlement purposes. In addition, the parties request that this Court enter a Final Judgment dismissing all claims with prejudice according to the terms and conditions of the Settlement Agreement and this Court's Orders. Plaintiffs' Motion for Attorneys' Fees, Costs and Class Representative Incentive Award was filed separately on June 23, 2023. (Doc. 37.) All deadlines for opposing Final Approval, Final Judgment, and the award of the Class Representative Incentive Award and Attorney's Fees will have passed on Monday, February 19, 2024, and no objections or opposition have been submitted as of the filing of this Motion.

A Memorandum in Support is included with this Motion. A proposed Final Approval Order and a proposed Final Judgment are attached as Exhibits 1 and 2.

1

February 13, 2024	Respectfully submitted,


  */s/ Brian P. O'Connor*
Brian P. O'Connor (0086646)
William E. Santen, Jr. (0019324)
SANTEN & HUGHES
600 Vine Street, Suite 2700
Cincinnati, Ohio 45202
bpo@santenhughes.com
wjs@santenhughes.com
(513) 721-4450


  */s/ Jacob D. Mahle*
Victor A. Walton, Jr. (0055241)
Jacob D. Mahle (0080797)
Brent D. Craft (0085374)
VORYS, SATER, SEYMOUR & PEASE LLP
3500 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
vawalton@vorys.com
jdmahle@vorys.com
bdcraft@vorys.com
(513) 723-4000

*Class Counsel and Attorneys
for Plaintiff, Rick Pansiera*


*/s/ Michael A. Roberts (per email authorization)*
Michael A. Roberts (0047129)
GRAYDON, HEAD & RITCHEY LLP
312 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
mroberts@graydon.law
(513) 621-6464

*Attorney for Defendant,
The Home City Ice Company*

2

**MEMORANDUM IN SUPPORT**

**I.     PRELIMINARY STATEMENT**

Plaintiff and class representative, Rick Pansiera ("Pansiera" or "Plaintiff"), on behalf of all Class Members (the "Class"), and defendant, The Home City Ice Company ("Home City" or "Defendant") (collectively, the "Parties"), pursuant to the Settlement Agreement and Release dated June 23, 2023 (Doc. 36-01) ("Settlement" or "Settlement Agreement"), seek this Court's Final Approval of the Settlement and dismissal of this lawsuit with prejudice.[1]

This Court should grant final approval of the Settlement, as it will avoid further expense, uncertainty and delay, and bring a complete end to this case. Furthermore, the Settlement, which is uniquely attuned to the issues in the litigation, is fair and provides substantial benefits to Class Members. Specifically, the Settlement provides for injunctive relief that will significantly benefit class members' purchasing decisions and peace of mind going forward. Finally, all deadlines for submitting objections to the Settlement will have passed on Monday, February 19, 2024, and <u>no</u> objections have been filed to date. Accordingly, Pansiera, Class Counsel,[2] and all members of the Class unanimously support this Settlement as fair, reasonable, and adequate.[3] All of the requirements of Fed. R. Civ. P. 23 have been satisfied, the Settlement is in the best interest of the Class, and the Parties respectfully request that the Court grant Final Approval of the Settlement.

---

[1] All capitalized terms not defined in this memorandum shall have the meanings set forth in the Settlement Agreement.
[2] Pursuant to the Court's Order of August 7, 2023, Victor A. Walton, Jacob D. Mahle, and Brent D. Craft of Vorys, Sater, Seymour & Pease LLP, and William E. Santen, Jr. and Brian P. O'Connor of Santen & Hughes were appointed as counsel for the class ("Class Counsel"). (Doc. 38 at PageID # 990.)
[3] The Parties' Joint Motion for Preliminary Approval (Doc. 36) and Plaintiff's Motion for Attorney Fees, Costs and Class Representative Incentive Award (Doc. 37) contain facts and legal arguments further supporting final approval of the Settlement. Those materials are incorporated here. The Parties note, however, that, unlike this Motion and the Motion for Preliminary Approval, Plaintiff's Motion for Attorney Fees, Costs and Class Representative Incentive Award is not a joint motion, and is incorporated herein only insofar as it supports points that the Parties jointly raise in favor of final approval of the Settlement.

## II. FACTS

### A. *Procedural History*

On December 9, 2019, Plaintiff filed a class action complaint ("Complaint or "Compl.") against Defendant, for the benefit of all consumers who had allegedly been defrauded when purchasing Defendant's "7 lb" bag of ice. Compl. (Doc. 1) at ¶ 1. Specifically, Plaintiff alleged that Defendant's "7 lb" bags of ice repeatedly and substantially weighed less than seven pounds, despite Defendant's explicit representation of "NET WT. 7 Lbs" on the bags. *Id.* at ¶ 12. In his Complaint, Plaintiff asserted claims for (1) breach of express warranty, (2) breach of implied warranty of merchantability, (3) unjust enrichment, (4) violation of Ohio's Deceptive Trade Practices Act, (5) violation of Indiana's Deceptive Consumer Sales Act, (6) negligent misrepresentation, (7) promissory estoppel and (8) fraud. *See* Compl.

Defendant moved to dismiss some of Plaintiff's claims, which motion the Court granted in part and denied in part on June 29, 2020. Order Grant'g in Part & Den. in Part Def.'s Partial Mot. Dismiss (Doc. 10). The Court granted Defendant's motion as to Count IV, finding that the Ohio Deceptive Trade Practices Act afforded no cause of action to consumers, and Count V regarding Plaintiff's "uncured" deceptive act claim under Indiana's Deceptive Consumer Sales Act. *Id.* After the Parties agreed to bifurcate discovery as to class certification and the merits of the case, Defendant answered Plaintiff's Complaint on December 16, 2020. Answer (Doc. 19).

### B. *Discovery and Class Certification*

Class Counsel and counsel for Home City have vigorously litigated this matter through (a) extensive motion practice (including substantial motion to dismiss and class certification motion practice); (b) far-reaching written discovery; (c) production and review of paper documents and ESI; (d) issuance of subpoenas to and review of extensive documents received from state weights

and measures bureaus and departments; (e) deposition of class representative Pansiera; and (f) depositions of multiple Home City employees and corporate representatives.

Following class discovery, Plaintiff moved to certify a class under Fed. R. Civ. P. 23(a) and 23(b)(2) or 23(b)(3) on April 15, 2021, which Defendant vigorously contested. Pl.'s Mot. Class Cert., App't Class Rep. & App't Class Counsel (Doc. 20); Def.'s Mem. Opp. Pl.'s Mot. Class Cert., App't Class Rep. & App't Class Counsel (Doc. 26); Pl's Reply Mem. Supp. Mot. Class Cert., App't Class Rep. & App't Class Counsel (Doc. 28). On March 14, 2022, the Court granted certification for declaratory and injunctive relief only, and denied Plaintiff's motion for class certification under Rule 23(b)(3), holding that Plaintiff's claims for monetary damages could not be maintained as a class action. Order Grant'g Pl.'s Mot. Certify Class to Pursue Decl. & Inj. Relief Only (Doc. 29) (the "Cert. Order").

    **C.**    *Plaintiff's Position*

Pansiera and the Class continue to believe and allege that Home City's failure to properly weigh its "7 lb" ice bags resulted in customers regularly purchasing bags that weighed significantly less than the "7 Lbs" stated on the label, and that Home City violated numerous obligations to its customers in violation of applicable law as outlined in the Complaint. Nevertheless, given the risks, burden, and expense of continued litigation, and the meaningful recovery available to the Class under the Settlement, Plaintiff has agreed to settle this litigation as set forth in the Settlement Agreement, subject to final Court approval.

    **D.**    *Defendant's Position*

Home City denies all material allegations contained in Plaintiff's Complaint. Home City also denies that it failed to properly weigh its "7 lb" ice bags or that it violated any duties to Plaintiff or its customers or any laws alleged by Plaintiff to be applicable. Nevertheless, given the risks,

burden, and expense of continued litigation, Home City has agreed to settle this litigation as set forth in the Settlement Agreement, subject to final Court approval.

      E.    *Mediation and Settlement*

Several months of negotiations between the parties with the assistance of David P. Kamp, Esq., an accomplished mediator, yielded a Settlement Agreement, which was fully executed by the Parties on June 23, 2023.[4] Pursuant to Fed. R. Civ. P. 23(b)(2), the Settlement Agreement provides for the certification, for settlement purposes only, of the following Settlement Class:

> All persons in the United States who purchased an underweight "7 lb." ice bag manufactured by or on behalf of HCI during the applicable limitations period. Excluded from the Settlement Class are persons who made such purchase for purpose of resale; the defendant, its officers, directors, employees, legal representative, successors, assigns; any person or entity who has or who at any time during the relevant class period had a controlling interest in any Defendant; the Judges to whom this case is assigned and any member of the Judges' immediate families.

(Doc. 36-01 at PageID # 922-23 (¶ 1.3).)[5]

In the Settlement Agreement, Defendant agreed to the implementation of significant injunctive relief in the form of the entry of an agreed injunction concerning: (i) sample bag guidelines; (ii) package labeling; (iii) policies and procedures regarding bag weights; and (iv) third-party sampling. (*Id.* at PageID # 923 (¶ 2.1).) Specifically, Defendant shall consent to the entry of an agreed final judgment order providing the Class with injunctive relief ordering HCI to (a) increase the amount of its acceptable fill range for the Product from 7.0-7.5 lbs. to 7.1-7.6 lbs.; (b) modify the packaging for the Product to include a statement that the weight of the Product is

---

[4] The Settlement agreement was attached to the Parties' Joint Motion for Preliminary Approval as Exhibit 1. (Doc. 36-01.)

[5] The Class Definition set forth in the Settlement Agreement is reflective in all material respects of the injunctive relief class certified by the Court in its March 14, 2022 Order granting in part Plaintiff's Motion for Class Certification. (Doc. 29 at PageID # 879.)

6

measured when packaged; (c) create and maintain an automated system for the daily reporting of underweight sample bags of Product and an automated alert if any manufacturing facility fails to daily report weights; and (d) perform routine quality control and quality assurance audits regarding the weight of the Product, and to engage a third-party consultant to conduct sampling. (*Id.* at PageID # 923-24 (¶ 2.1.1).)

In exchange for the above benefits, Plaintiff has agreed to release all of his claims, in law or equity, that relate to claims arising out of Defendant's alleged misrepresentations concerning the weight of its products. (*Id.* at PageID # 925 (¶ 4.1).) The Class Members other than Plaintiff have agreed to a limited release of only claims for injunctive relief. (*Id.* at PageID # 925-26 (¶ 4.2).) Class Members fully preserve the right to bring lawsuits for money damages or other forms of monetary relief. *Id.*

The Settlement Agreement also sets forth the parties' agreement to Class Counsel's attorneys' fees and costs request of $325,000, and payment of an incentive award to Pansiera in the amount of $10,000. (*Id.* at PageID # 926 (¶ 5.1).)

### F. *Preliminary Approval of the Settlement*

On June 23, 2023, the Parties filed a joint motion seeking preliminary approval of the Settlement. (Doc. 36.) On August 7, 2023, this Court granted that motion and entered the Preliminary Approval Order. (Doc. 38.) In that Order, the Court preliminarily approved the Class Action Settlement, preliminarily approved the Class for settlement purposes, appointed Pansiera as the Class Representative, appointed Vorys, Sater, Seymour & Pease LLP and Santen & Hughes as Class Counsel, ruled that notice to the class was not required, and scheduled the Fairness Hearing for December 5, 2023. *Id.* On November 21, 2023, the Fairness Hearing was rescheduled to February 27, 2024.

### G. *Class Representative Incentive Award and Attorneys' Fees and Costs*

On June 23, 2023, Plaintiff filed a Motion seeking a $10,000 Class Representative Incentive Award and attorneys' fees and costs in the amount of $325,000. (Doc. 37.) The Settlement Agreement contains the Parties' agreement to the requested incentive award and attorneys' fees and costs in the amounts set forth in Plaintiff's Motion. (Doc. 36-01). Insofar as no party or Class Member has filed an opposition or objection to the Motion, Plaintiff's incentive award and fee and costs request is now fully unopposed.

### H. *Notice*

As part of the August 7, 2023 Order granting preliminary approval of the Settlement, the Court acknowledged that "[t]he Settlement provides for injunctive relief only, from which no right to exclusion exists, and specifically preserves the Class Members' rights to bring claims for monetary damages of any kind." (Doc. 38 at PageID # 989.) The Court therefore found that "notice pursuant to the Class Action Fairness Act is adequate." *Id.*; *see also* 28 U.S.C. § 1715; Fed. R. Civ. P. 23(c)(2)(A) ("For any class certified under Rule 23(b)(1) or (b)(2), the court may direct appropriate notice to the class"); *Coleman v. Gen. Motors Acceptance Corp.*, 296 F.3d 443, 447 (6th Cir. 2002) (Rule 23(b)(2) is a mandatory class; it does "not require that a court provide individual members of the class with notice and the opportunity to 'opt out' of the class action").[6]

---

[6] Pursuant to Section 3.1 of the Settlement Agreement, Defendant Home City Ice Company was required to "serve notice of the Settlement Agreement that meets the requirements of the Class Action Fairness Act of 2205, 28 U.S.C. § 1715 ("CAFA") on the appropriate federal and state officials." (Doc. 36-01 at PageID #925 (¶ 3.1).)

### III. LEGAL STANDARD

The Sixth Circuit follows the "federal policy favoring settlement of class actions." *UAW v. GMC*, 497 F.3d 615, 632 (6th Cir. 2007); *In re Nationwide Fin. Servs. Litig.*, No. 2:08-CV-00249, 2009 U.S. Dist. LEXIS 126962, *2–3 (S.D. Ohio Aug. 18, 2009).

Civil Rule 23(e)(2) authorizes a court to approve a class action settlement "only after a hearing and only on finding that it is fair, reasonable, and adequate" after considering: (A) whether the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

In addition to these Rule 23(e) factors, the Sixth Circuit utilizes the following "*UAW*" factors for determining the adequacy of a class action settlement: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *UAW*, 497 F.3d at 631.

Courts often consider these tests together given the considerable overlap. *Macy v. GC Servs. L.P.*, 2019 U.S. Dist. LEXIS 210632 at 4-5 (W.D. Ky. December 6, 2019).

9

## IV. ARGUMENT

### a. The Settlement Agreement is Fair, Reasonable, and Adequate.

#### i. The Class Representative and Class Counsel have adequately represented the Class and negotiated at arms-length.

The first two factors under Civil Rule 23(e)(2) (*i.e.*, whether the class representatives and class counsel have adequately represented the class and whether the proposal was negotiated at arm's length), overlap with the first and third *UAW* factors (*i.e.*, the risk of fraud or collusion and the amount of discovery completed).

Here, Class Counsel has vigorously represented Plaintiff and the Class throughout the case, which involved significant time and effort in the context of extensive motion practice, far-reaching discovery, and lengthy settlement negotiations. Specifically, this matter has included:

- Review of numerous sales receipts, documents, and other records provided by the Class Representative for purposes of understanding the recurring bag weight issues experienced by consumers;

- Motion to Dismiss briefing;

- Voluminous document and written discovery;

- Issuance of multiple subpoenas to state weights and measures bureaus and departments and reviewing correspondence documentation related to and Defendant's ice bag weights;

- Depositions of multiple Home City employees and corporate representatives and the deposition of Class Representative Pansiera;

- Class certification briefing;

- Months of negotiations, including mediation sessions and numerous communications with a neutral mediator that yielded an agreement as to injunctive relief and fees;

- Extensive negotiations over the language in the various settlement documents, including, but not limited to, the Settlement Agreement and Motion for Preliminary Approval; and

10

- Ongoing communications with Defendant and Court for purposes of completing all filings, hearings, and administrative tasks necessary to finalize the resolution of the matter.

No risk of fraud or collusion exists because the Settlement was negotiated after over three years of hard-fought litigation, including months of mediation activities and negotiations facilitated by an experienced mediator, at arms-length by experienced and reputable counsel. *Hainey v. Parrott*, 617 F. Supp. 2d 668, 673 (S.D. Ohio 2007) (participation of an independent mediator in the settlement negotiations "virtually insures" that the negotiations were conducted at arm's length and without collusion).

### ii. Likelihood of success on the merits and the adequacy and equitable nature of the relief to the Class.

*UAW* factor 5 (likelihood of success on the merits) overlaps with the other requirements from Civil Rule 23(e)(2). "The most important of the factors to be considered in reviewing a settlement is the probability of success on the merits." *In re Nationwide Fin. Servs. Litig.*, 2009 U.S. Dist. LEXIS 126962 at *5-6 (quoting *In re General Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1086 (6th Cir. 1984)). In assessing a settlement, the Court should balance the benefits "to members of the Class, and the immediacy and certainty of a substantial recovery for them, against Plaintiffs' likelihood for success on the merits." *Id*. (citations omitted).

Here, the prospect of any recovery, had the Parties proceeded further to litigate the matter, was "not overwhelming." *Bailey v. AK Steel*, No. 1:06-cv-468, 2008 U.S. Dist. LEXIS 16704, *7 (S.D. Ohio Feb. 21, 2008). Significant questions about whether Plaintiff could have prevailed on the merits of the case persist, particularly in light of the Court's finding that "Plaintiff's claims for monetary damages **CANNOT** be maintained as a class action" because he had "not proposed an ascertainable class." Cert. Order at 6, 23 (emphasis original). By virtue of the Parties' settlement, Class Members avoid these risks.

11

Notwithstanding questions about whether Plaintiff would eventually prevail on the merits, this Settlement provides substantial benefits to Class Members. The Settlement provides certain and current relief, as opposed to uncertain litigation. The negotiated injunction is fair, reasonable and adequate and directly remedies the harms alleged in the Complaint—it stops any questionable practices and establishes processes and procedures to ensure that Class members receive seven pounds of ice when they purchase Defendant's "7 lb" bags of ice. Further, it does not prevent Class members from seeking monetary recourse.

With an injunctive class, Plaintiff has achieved the same result he could have achieved at trial. When balanced against the possibility that Class members might have received nothing by going forward, this factor weighs heavily in favor of approving the proposed Settlement.

### iii. Continued litigation would be complex, lengthy, and uncertain.

"In determining the fairness of the Settlement, courts also consider '[t]he complexity, expense and likely duration of the litigation.'" *In re Nationwide Fin. Servs. Litig.*, 2009 U.S. Dist. LEXIS 126962 at *10 (quoting *In re Telectronics Pacing Sys.*, 137 F. Supp. 2d 985, 1013 (S.D. Ohio 2001) (citations omitted)). Class actions are inherently complex, and settlement "avoids the costs, delays, and multitude of other problems associated with them.'" *Id.* (citations omitted). "As such, avoiding the delay, risks, and costs of continued litigation against a defendant is a valid reason for counsel to recommend and for the court to approve a settlement." *Id.* (citation omitted).

This case has lasted for nearly four years. It has involved extensive motion practice, included hard fought and discovery, and raised complex legal issues. A settlement at this stage avoids additional litigation, a possible adverse judgment, and a potentially lengthy appeals process.

### iv. Opinions of Class Counsel and the Class Representatives

In assessing the settlement, this Court must also consider the experience of counsel and their views of the settlement. *Thacker v. Chesapeake Appalachia, L.L.C.*, 695 F. Supp. 2d 521,

12

532 (E.D. Ky. 2010) ("In deciding whether a proposed settlement warrants approval, the informed and reasoned judgment of plaintiffs' counsel and their weighing of the relative risks and benefits of protracted litigation are entitled to great deference").

Here, Class Counsel includes experienced trial attorneys who frequently handle consumer protection cases for both plaintiffs and defendants. Class Counsel is experienced in both the litigation and settlement of class actions of this type, has conducted extensive discovery, and has thoroughly evaluated the merits of this case. (Doc. 37-02 at PageID # 981-82 (Mahle Decl., ¶¶7-13); Doc. 37-03 at PageID # 985-86 (O'Connor Decl. ¶¶7-13).) Given the experience of Class Counsel in this matter and in similar matters, their opinions that the terms of this settlement are fair, adequate, and reasonable should be given substantial weight in approving the settlement.

> v. **The public interest and reaction of absent Class Members favors Settlement.**

"There is an overriding public interest in favor of settlement of class action lawsuits." *In re Nationwide Fin. Servs. Litig.*, 2009 U.S. Dist. LEXIS 126962 at *22 ("The proposed Settlement ends potentially long and protracted litigation and frees the Court's valuable judicial resources."). Here, that public interest is supported by the fact that there have been no objections to any of the Settlement's terms or conditions. This clear support for the Settlement demonstrates the public interest in Final Approval.

Furthermore, the Settlement confers immediate benefits on Settlement Class members, avoids the risks and expense of further litigation, and conserves judicial resources. Accordingly, the Court should find that the public interest favors final approval of the Settlement.

> b. ***The Class should be certified for Settlement.***

To grant final approval of a settlement class, Rule 23 must be satisfied. *See* Fed. R. Civ. P. 23. Rule 23(e) governs the issue of class certification, whether the proposed class is a litigated

class or, as here, a settlement class. All criteria for certification of a class for litigation purposes, except manageability, apply to settlement. *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997).

This Court has already preliminarily approved the Class for settlement purposes. (Doc. 38). Since that preliminary approval, nothing has changed.

### i. Numerosity

Numerosity is presumed when there are at least 40 class members. *Adams v. Anheuser-Busch Companies, Inc.*, No. 2:10-cv-826, 2012 U.S. Dist. LEXIS 42364, *9 (S.D. Ohio Mar. 28, 2012). This case involves a nationwide class consisting of customers of Home City, which sells packaged ice in at least sixteen states. Numerosity is satisfied because it would be impossible to join all of these members into one action.

The Court has found that "Plaintiff has met the numerosity requirement by demonstrating that the class is so numerous 'that joinder of all members is impracticable.'" Cert. Order at 12 (quoting Fed. R. Civ. P. 23(a)(1)). As the Court noted, "by virtue of the raw quantity of ice bags sold – around 24.5 million bags annually," joinder would be impracticable. *Id.* at 12-13.

### ii. Commonality

Commonality requires "a common issue the resolution of which will advance the litigation." *Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007); *see also Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 542-43 (6th Cir. 2012) (finding that commonality and typicality requirements were satisfied where a single practice or course of conduct by defendant gives rise to the claims of plaintiffs and the class).

As the Court has noted, with respect to his claims for injunctive and declaratory relief, "Plaintiff has established the requisite commonality." Cert. Order at 14. Defined as "all persons in the United States who purchased an underweight '7 lb.' ice bag from HCI during the applicable

14

limitations period" – commonality among the Class is clear. *Id.* "All purchasers of underweight HCI ice bags would indeed suffer the same injury." *Id.* "Common proofs . . . include evidence that bags roll [off] HCI's production lines systematically underweight, that HCI exercises control over the weight variance, and that HCI knows or has reason to know it is selling mislabeled ice bags." *Id.* at 14-15. Rule 23(a)(2) is satisfied because the resolution of these questions of law or fact are common to the Settlement Class.

### iii. Typicality

Typicality is met if the claim "arises from the same event or practice or course of conduct that gives rise to the claim of other class members, and if his or her claims are based on the same legal theory." *In re American Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996) (citing 1 Newberg & Conte, *Newberg on Class Actions*, § 3-13 at 3-76). "Commonality and typicality 'tend to merge' because both of them 'serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" *Young*, 693 F.3d at 542–43 (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 n. 5 (2011)).

"For reasons already elaborated regarding commonality, Plaintiff has also established typicality." Cert. Order at 16. The Class members' claims arise from a "unitary course of conduct" – "ha[ving] to do with HCI's standardized ice production and labeling methods" – which also applies to Plaintiff. *Id.* "Similarly, the legal theory [is] uniform across class members and Plaintiff." *Id.* Accordingly, Rule 23(a)(3) is satisfied in this case.

### iv. Adequacy of Representation

The adequacy inquiry "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem*, 521 U.S. at 625. The Sixth Circuit has held that

15

"'[t]here are two criteria for determining whether the representation of the class will be adequate: (1) the representative must have common interests with unnamed members of the class, and (2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Kaprik v. Huntington Bancshares Inc.*, No. 2:17-cv-1153, 2021 U.S. Dist. LEXIS 38641, *35–36 (S.D. Ohio Feb. 18, 2021) (citing *Senter v. GMC*, 532 F.2d 511, 524–25 (6th Cir. 1976)).

Here, Plaintiff is an adequate Settlement Class representative. "Plaintiff [has] common interests with the unnamed class members. He and the . . . [C]lass . . . purchased underweight bags of ice based on misrepresentations." Cert. Order at 20. With respect to his claim for injunctive relief, Plaintiff has no interests that are adverse or antagonistic to the interests of the Settlement Class. All Class Members will benefit equally from the Injunctive Relief provided by Settlement, and each Class Member retains the right to pursue his or her individual damages claims. Further, Class Counsel has the requisite experience and skill to pursue the class's interests vigorously have done so. *Id.* (citing Docs. 20-31 and 20-32)).

### *v.* Rule 23(b)(2) Requirements

"[T]he potential class must also satisfy at least one provision of Rule 23(b)." *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992); *see also Gen. Tel Co. v. Falcon*, 457 U.S. 147, 161 (1982). To certify a class for injunctive and declaratory relief under Rule 23(b)(2), Plaintiff must show "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that the final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R Civ. P. 23(b)(2). "The key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted – the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or [as] to

16

none of them.'" Cert. Order at 20-21 (citing *Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 428 (6th Cir. 2012) (quoting *Dukes*, 564 U.S. at 361)).

As the Court noted when certifying an injunctive relief class, an injunction that orders HCI to "adopt policies and procedures that ensure that ice bags placed into the market for sale to consumers bear an accurate weight statement, and to cease its deceptive and misleading practices concerning the advertising, labeling, and sale of ice bags that it know or should know are underweight" would benefit both Plaintiff and the class member who have purchased underweight bags of ice. *Id.* at 21. "Thus, it is true 'that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or [as] to none of them.'" *Id.* (citing *Gooch*, 672 F.3d at 428 (quoting *Dukes*, 564 U.S. at 361)). Because the agreed upon injunctive relief does exactly that – enjoins HCI from acting on grounds that apply generally to the Class – the case is appropriate for certification under Rule 23(b)(2).[7]

The fact that the Settlement carves out Class Members' claims for actual damages, in addition to achieving important injunctive relief, also supports certification of a settlement class under Rule 23(b)(2). *Austin v. Wilkinson*, 83 Fed. App'x 24, 25 (6th Cir. 2003) ("[Appellant's] main complaint seems to be a desire to pursue compensatory damages; he is of course not barred from seeking damages by the preclusive effect of the class action, which bars only future injunctive relief."); *Smith v. Ohio Dep't of Rehab. & Corr.*, No. 2:08-cv-15, 2010 U.S. Dist. LEXIS 81842, at *7, 10 (S.D. Ohio Aug. 12, 2010) (certifying Rule 23(b)(2) settlement class noting that "if any [class member] has a documented, medically substantiated asbestos-related condition, he is free to file a separate cause of action . . . [and] the pending litigation will not affect his rights in that

---

[7] Certification under Rule 23(b)(2) is appropriate "when a single injunction or declaratory judgment would provide relief to each member of the class." *Dukes*, 564 U.S. at 360-61; *Clemons v. Norton Healthcare Inc.*, 890 F.3d 254, 279 (6th Cir. 2018).

17

regard," and further holding that objecting class members "always had the right and ability to bring a separate cause of action to pursue compensatory damages for physical injury."); *Fresco v. Auto. Directions, Inc.*, No. 03-DIV-61063, 2009 U.S. Dist. LEXIS 125233, at *13 (S.D. Fla. Jan. 16, 2009 (certifying Rule 23(b)(2) settlement, noting that "the parties' settlement preserves any individual claims that class plaintiffs may have for actual damages, claims which might otherwise have precluded certifications under Rule 23(b)(2).").

The Settlement, which resolves equitable relief only and expressly carves out any individual claims brought by Settlement Class Members for damages, is appropriate for certification under Rule 23(b)(2).

## V. CONCLUSION

For the reasons set forth above, the Court should grant the Parties' Joint Motion for a Final Order approving this Class Action Settlement and certifying the Class for Settlement. For the supplemental reasons set forth above, and for the reasons contained therein, it should grant Plaintiff's June 23, 2023 Motion (Doc. 37) seeking a Class Representative Incentive Award of $10,000 and reasonable and agreed Attorneys' Fees and Costs of $325,000. Finally, this Court should grant Final Judgment dismissing all claims and causes of action on the merits and with prejudice according to the terms and conditions set forth in the Settlement Agreement and this Court's Orders.

February 13, 2024					Respectfully submitted,


  /s/ Brian P. O'Connor
Brian P. O'Connor (0086646)
William E. Santen, Jr. (0019324)
SANTEN & HUGHES
600 Vine Street, Suite 2700
Cincinnati, Ohio  45202
bpo@santenhughes.com
wjs@santenhughes.com
(513) 721-4450


  /s/ Jacob D. Mahle
Victor A. Walton, Jr. (0055241)
Jacob D. Mahle (0080797)
Brent D. Craft (0085374)
VORYS, SATER, SEYMOUR & PEASE LLP
3500 Great American Tower
301 East Fourth Street
Cincinnati, Ohio  45202
vawalton@vorys.com
jdmahle@vorys.com
bdcraft@vorys.com
(513) 723-4000

*Class Counsel and Attorneys
for Plaintiff, Rick Pansiera*


  */s/ Michael A. Roberts (per email authorization)*
Michael A. Roberts (0047129)
GRAYDON, HEAD & RITCHEY LLP
312 Walnut Street, Suite 1800
Cincinnati, Ohio  45202
mroberts@graydon.law
(513) 621-6464

*Attorney for Defendant,
The Home City Ice Company*

19

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on February 13, 2024, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  The parties may access this filing through the Court's system.

                                                        */s/ Jacob D. Mahle*
                                                        Jacob D. Mahle